Banco Popular de Puerto Rico, demandante y recurrido, *v.* Félix A. Pellicier Figueroa y otros, demandados y recurrentes.

*Número:* CC-96-18          *Resuelto:* 14 de febrero de 1996

*Félix A. Pellicier Figueroa*, abogado de la parte recurrente; *Juan H. Soto Solá* y *Manuel R. Pérez Caballer*, abogados de la parte recurrida.

PER CURIAM: Tenemos la ocasión de interpretar por primera vez el alcance de la Regla 37 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII.

I

El 13 de enero de 1993 el Banco Popular de Puerto Rico presentó una demanda en cobro de dinero y ejecución de

hipoteca por la vía ordinaria contra Félix Alfredo Pellicier Figueroa, su esposa y la sociedad legal de gananciales constituida por ambos, para reclamar el pago de mensualidades adeudadas desde abril de 1992 por concepto de un préstamo hipotecario suscrito por los demandados en 1989, por la cantidad de $78,400.

El 13 de abril de 1993 los demandados contestaron la demanda. A su vez, presentaron una reconvención contra el banco demandante, predicada en un alegado fraude de fondos pertenecientes a los demandados que fueron depositados en una cuenta corriente de dicha entidad bancaria.[1]

El demandante contestó la reconvención y adujo, en esencia, que los actos en que los demandantes fundamentaban su acción no surgían ni se relacionaban con la reclamación que se hacía en la demanda en cobro de dinero y ejecución de hipoteca, por lo que no resultaba una reconvención compulsoria conforme con lo establecido en la Regla 11.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Luego de numerosos trámites procesales, el banco demandante presentó una moción en la que solicitó al tribunal de instancia que dictase sentencia parcial por la vía sumaria en cuanto a su causa de acción. Por su parte, los demandados se opusieron y solicitaron, además, que se desestimara la demanda.

El 11 de julio de 1995 el Tribunal de Primera Instancia, Sala Superior de San Juan, dictó una sentencia sumaria parcial final a favor de la parte demandante, que se notificó el 12 de julio de 1995.

Inconforme con tal dictamen, el 8 de agosto de 1995 los demandados acudieron mediante un recurso de apelación ante el Tribunal de Circuito de Apelaciones. Posterior-

---

[1] Surge del expediente que los demandantes alegaron que en 1987 la secretaria de Pellicier Figueroa alteró varios giros postales suyos y los depositó en una cuenta personal con el Banco de Ponce, institución bancaria que posteriormente se fusionó con el Banco Popular de Puerto Rico. En la reconvención, los demandados reclaman el reembolso de dichos fondos.

mente, el demandante presentó su alegato ante dicho foro apelativo.

El 20 de septiembre de 1995 el Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan, emitió una resolución en la cual decretó como prematuros tanto el apéndice que los demandados apelantes acompañaron en su escrito de apelación, así como el alegato del demandante apelado. Se fundamentó en que la Regla 37(a) y (b) de su Reglamento, *supra*, impone la obligación a todo apelante, en casos de apelaciones civiles, de preparar con la participación del apelado un apéndice conjunto y, una vez presentado tal apéndice, le corresponde al apelado presentar su alegato dentro del término reglamentario que le concede la Regla 16(a) del referido Reglamento, 4 L.P.R.A. Ap. XXII. Conforme a lo anterior, el foro apelativo dio por no presentados el apéndice de la parte apelante y el alegato del apelado, y ordenó a las partes a cumplir con tales disposiciones reglamentarias.

Con arreglo a la resolución aludida del Tribunal de Circuito de Apelaciones, los demandados apelantes presentaron una propuesta de apéndice conjunto al apelado. Mediante Misiva de 24 de octubre de 1995, éste objetó la inclusión de ciertos documentos en dicho apéndice conjunto por entender que no formaban parte del expediente en el tribunal de instancia.

No empece a las objeciones presentadas por el demandante apelado respecto a la propuesta de apéndice conjunto de los demandados apelantes, éstos lo presentaron ante el foro apelativo, acompañado de una Moción para Informar Reacción a Objeciones Anunciadas por la Parte Apelada. En ésta, en síntesis, sostuvieron que los documentos objetados por el demandante apelado habían sido presentados ante el tribunal de instancia y formaban parte del expediente de autos.

El 13 de noviembre de 1995 el foro apelativo emitió una segunda resolución que dió por no presentado el apéndice

sometido por los demandados apelantes y concedió a éstos un plazo de quince (15) días para resolver con la parte apelada las objeciones presentadas por ésta, y someter el apéndice conjunto con el asentimiento escrito de dicha parte. En esa resolución el tribunal advirtió a los apelantes que la documentación a que se refiere el apéndice conjunto contemplado por la Regla 37 de su Reglamento, *supra*, es aquella que exclusivamente consta y surja de los autos y que forme parte del expediente del tribunal de instancia. Asimismo, *les apercibió que de resultar necesaria su intervención para resolver y adjudicar cualquier controversia relacionada sobre el particular, habría de imponer sanciones a la parte que incumpliese con su orden.* Dicha resolución fue notificada el 4 de diciembre de 1995.

En reacción a la resolución del foro apelativo, el 6 de diciembre de 1995 la representación legal del demandante apelado le escribió al demandado apelante y reiteró su objeción a la inclusión de ciertos documentos en el apéndice conjunto.

El 13 de diciembre de 1995 los demandados apelantes presentaron una moción de reconsideración ante el foro apelativo. En ésta, afirmaron que los documentos que la parte apelada solicitaba que se excluyeran del apéndice conjunto formaban parte del expediente ante el tribunal de instancia, que fueron admitidos por dicho foro y que tenían que ver directamente con las alegaciones en oposición a la solicitud de sentencia sumaria parcial del demandante apelado. Además, le solicitaban al foro apelativo la celebración de una vista para dilucidar el conflicto entre las partes sobre lo que debía incluir el apéndice conjunto.

El 26 de diciembre de 1995 el Tribunal de Circuito de Apelaciones emitió una tercera resolución mediante la cual denegó la reconsideración interpuesta por los demandados apelantes. Le concedió a éstos una última prórroga de quince (15) días contados a partir de la notificación de dicha resolución para que perfeccionaran el recurso instado

mediante la presentación del apéndice conjunto, *bajo apercibimiento de desestimación por incumplimiento con las disposiciones reglamentarias que regulan el perfeccionamiento del trámite apelativo.* Dicha resolución fue notificada a las partes el 4 de enero de 1996.

De dicha resolución del Tribunal de Circuito de Apelaciones acuden los demandados peticionarios ante nos. En esencia, aducen, a través de sus múltiples señalamientos de error, que abusó de su discreción el foro apelativo al requerirles obtener el asentimiento escrito del demandante apelado como condición para poder someter el apéndice conjunto que dispone la Regla 37 de su Reglamento, *supra.* Señalan, en apoyo de su contención, que la aplicación tan rigurosa de la referida disposición reglamentaria por parte del foro apelativo les priva de su derecho a acudir ante dicho foro, lo que constituye una violación de sus derechos civiles y constitucionales. Por su lado, la parte demandante apelada presentó ante nos un escrito oponiéndose a la expedición del auto de *certiorari* solicitado por los demandados peticionarios.

Habiendo examinado los escritos de ambas partes, pasamos a resolver, conforme lo dispuesto en la Regla 54 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI.

## II

Un examen cuidadoso de la Regla 37 del Reglamento del Tribunal de Circuito de Apelaciones, *supra,* demuestra que dicho foro, en este caso, aplicó con excesiva rigurosidad lo que allí se dispone.

Nótese, en primer lugar, que la Regla 37 aludida dispone lo siguiente en su inciso (c):

El apéndice conjunto contendrá copia de:

(3) cualquier otra resolución, orden o escrito de cualesquiera de las partes que forme parte de los autos del Tribunal

de Primera Instancia en que esté discutido expresamente cualquier asunto planteado;

(4) cualquier otro documento que forme parte del récord en el Tribunal de Primera Instancia que pueda ser útil al Tribunal de Circuito de Apelaciones en su resolución de la controversia; ...

Por sus propios términos, la regla en cuestión deja un razonable espacio de discreción a la parte apelante en cuanto a los documentos que ésta puede incluir en el apéndice conjunto.

■ Más aún, la citada Regla 37 no contiene disposición alguna que le reconozca a la parte apelada derecho a oponerse a lo que la parte apelante incluya en el apéndice conjunto. Lo que sí reconoce dicha regla en su inciso (e) es el derecho de la parte apelada a

...añadir cualquier documento que considere debe estar incluido en el apéndice conjunto y no incluido por la parte apelante ...

En efecto, se dispone finalmente en dicho inciso (e) que

[s]i la parte apelante dejase de incluir documentos designados por la parte contraria, ésta podrá presentar un apéndice separado que los incluya ... En tal caso, el Tribunal podrá imponer las sanciones que estime pertinente a la parte apelante o a su abogado. 4 L.P.R.A. Ap. XXII.

■ Como puede observarse, el esquema plasmado en la Regla en cuestión es para otorgar una discreción razonable a ambas partes sobre lo que pueden incluir en el apéndice conjunto. *Ello debe ser así porque de otra forma la preparación de un apéndice conjunto se convertiría en un proceso difícil de realizar.* Si las partes no pudiesen incluir lo que creen pertinente en dicho apéndice, y tuviesen un derecho dilatado a objetar lo que la parte contraria desea incluir, la preparación *conjunta* de tal apéndice se convertiría en un proceso largo y contencioso, que no es lo que se contempla en dicha regla. Lo que se pretende es que el perfecciona-

miento de un apéndice conjunto sea una tarea fácil de realizar. No debe ser ocasión para controversias estériles entre las partes, ni para dilatar irrazonablemente los procedimientos, o impedir que una parte tenga acceso a la revisión judicial en el foro apelativo.

### III

A la luz de lo señalado antes, el Tribunal de Circuito de Apelaciones en este caso no debió emitir la tercera resolución que dictó el 26 de diciembre de 1995. Más bien, debió proceder, en parte, como había previsto en su segunda Resolución de 13 de noviembre de 1995. Es decir, en vista de la continuada controversia entre el apelante y el apelado sobre lo que debía incluirse en el apéndice conjunto, dicho foro debió haber intervenido para resolver la controversia aludida y aceptar con razonable liberalidad cualquier documento de los autos de primera instancia que cada cual creía pertinente incluir en dicho apéndice, e imponer sanciones a la parte que hubiese sido contumaz o temeraria al no cooperar para lograr la eficaz presentación del apéndice conjunto, si es que hubo alguna parte que actuó de tal forma.

Por los fundamentos expuestos, se dictará sentencia para revocar la resolución emitida por el Tribunal de Circuito de Apelaciones, Región de San Juan, el 26 de diciembre de 1995 en el caso de autos, y para devolverlo a dicho foro, para que continúen los procedimientos allí, conforme a lo aquí resuelto.

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señores Negrón García, Rebollo López y Hernández Denton no intervinieron.