ADA SANTOS y OTROS 23, recurrentes y apelantes, *v.* MUNICIPIO DE COMERÍO, recurrido y apelado.

*Número:* CC-95-166          *Resuelto:* 31 de enero de 1996

*Elvin Hernández Durán*, abogado de la parte recurrente; *Hipólito F. Ortiz Ballester*, abogado de la parte recurrida.

---

PER CURIAM: El 29 de diciembre de 1995 los demandantes peticionarios interpusieron un recurso de *certiorari* para revisar una resolución dictada por el Tribunal de Circuito de Apelaciones, Circuito Regional de Ponce y Aibonito, el 6 de octubre de 1995 y notificada a las partes el 18 de octubre de 1995. Contra la referida resolución los peticionarios presentaron una moción de reconsideración el 27 de octubre de 1995. El demandado recurrido, Municipio de Comerío, presentó su oposición a la solicitud de reconsideración. La moción fue acogida y denegada el 10 de noviembre de 1995. Esta decisión fue notificada a las partes el 1ro de diciembre de 1995.

A continuación exponemos los hechos que dieron lugar a la resolución de la cual se recurre.

I

El 29 de agosto de 1995 los demandantes peticionarios presentaron ante el Tribunal de Circuito de Apelaciones un escrito de *certiorari*. En el referido escrito solicitaron la revisión de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Aibonito, en un caso proveniente de la Junta de Apelaciones del Sistema de Administración de Personal.

La sentencia del Tribunal de Primera Instancia fue dictada el 7 de julio de 1995 y archivada en autos el 28 de julio de 1995. Los peticionarios presentaron el recurso el 28 de agosto de 1995, o sea, el último día hábil antes de vencer el plazo dispuesto por ley. Ese mismo día, la Secretaría del Tribunal de Circuito de Apelaciones les informó que el recurso no cumplía con los requisitos de la Regla 34(a) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXVII, porque adolecía del defecto de contener documentos a espacio sencillo. La Secretaría de

dicho tribunal instó a la parte a corregir el defecto señalado dentro del término que provee la regla para ello.

El 29 de agosto de 1995, un día después de haberse vencido el término de cumplimiento estricto, los peticionarios sometieron el recurso de *certiorari* corregido ante el Tribunal de Circuito de Apelaciones. En su escrito suplicaron la anuencia del tribunal y pidieron por vía de excepción que se aceptara el recurso tardío.

Luego de aquilatar los argumentos de la parte peticionaria, el Tribunal de Circuito de Apelaciones emitió una resolución para desestimar el recurso por falta de jurisdicción. Concluyó que, a pesar de que la falta señalada fue corregida, la corrección fue realizada fuera del término permitido para la presentación del escrito de *certiorari*. Señaló, además, que era responsabilidad del suscribiente conocer y cumplir fielmente con el reglamento del tribunal.

Inconformes, los peticionarios presentaron oportunamente una moción de reconsideración. La parte recurrida (Municipio de Comerío) interpuso un escrito de oposición.

El Tribunal de Circuito de Apelaciones emitió una resolución para acoger la moción de reconsideración. En ésta, aunque reconoció que el término establecido en la Regla 18 de su Reglamento, 4 L.P.R.A. Ap. XXII, para presentar un recurso de *certiorari* no era de carácter jurisdiccional, sino de cumplimiento estricto, procedía declarar sin lugar la reconsideración por entender que los peticionarios no habían expuesto circunstancias excepcionales que ameritasen presentar el recurso fuera del término dispuesto.

Inconformes con el dictamen, los peticionarios acudieron ante este Foro y alegaron como único error lo siguiente:

> Erró el Honorable Tribunal de Circuito de Apelaciones al desestimar por un mero error de forma un recurso de Certiorari en el cual se cumplieron todos los demás requisitos exigidos en el ordenamiento. Este error es de tal magnitud que constituye causa suficiente para revocar la resolución recurrida.

## II

■  El texto de la Regla 34(a) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, dispone lo siguiente:

> Todo escrito presentado al Tribunal de Circuito de Apelaciones se hará en maquinilla tipo pica o mayor, a doble espacio (excepto las citas directas y las notas al calce), en papel tamaño legal de ocho y media (8 1/2) pulgadas de ancho por catorce (14) pulgadas de largo e impreso por un solo lado del papel con margen izquierdo no menor de media (1/2) pulgada, y un margen derecho no menor de media (1/2) pulgada. Si se utilizare un ordenador u otro sistema electrónico de preparación de escritos, el texto se imprimirá con letras íntegras y no mediante el tipo de impresión por puntos, también conocido como *dot matrix.*

■  Por su parte, la Regla 7(b) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII, dispone:

> [El Secretario v]elará po[r q]ue todos los escritos cumplan con las disposiciones de este [Reglamento]. Cuando cualquier escrito no cumpla con dichas disposiciones, el Secretario anotará el hecho de su presentación y notificará al abogado del presentante con un señalamiento de las deficiencias encontradas, que deberán corregirse dentro del término jurisdiccional.

En el caso de autos se trata de un recurso de *certiorari* cuyo término para presentarlo es de cumplimiento estricto. Dentro de dicho término, el 28 de agosto de 1995, los peticionarios presentaron el recurso ante el Tribunal de Circuito de Apelaciones. Por no cumplir con el requisito de forma que provee la Regla 34(a) del Reglamento del Tribunal de Circuito de Apelaciones, *supra* (incluyeron documentos a espacio sencillo) la Secretaría le instó a corregir dicho defecto. Al otro día presentaron el recurso corregido y explicaron que debido a que el expediente del caso se lo habían sometido la semana antes, tuvieron que someter el recurso el día en que vencía el término y no les fue posible corregir el error de forma dentro del término.

Bajo estas circunstancias, el Tribunal de Circuito de Apelaciones abusó de su discreción al no aceptar las explicaciones del peticionario y proceder a desestimar el recurso por falta de jurisdicción. No se trataba de un término jurisdiccional, sino de un término de cumplimiento estricto y fue por un señalamiento de la Secretaría de dicho tribunal, referente a un incumplimiento con un requisito de forma, que los peticionarios incumplieron con el término. Art. 4.002(c) de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22k(c)). Una interpretación flexible de estas normas procesales permitirá que dicho tribunal pueda considerar si expide o no el recurso y que pueda revisar el planteamiento de la peticionaria en los méritos.

Por las razones antes expuestas, a tenor con lo dispuesto en la Regla 54 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI, sin ulteriores procedimientos, *se expide el auto solicitado y se dictará sentencia en la que se revoca la resolución del Tribunal de Circuito de Apelaciones que desestimó por falta de jurisdicción el recurso presentado ante dicho tribunal, y se devuelve el caso al Tribunal de Circuito de Apelaciones para que continúen los procedimientos de forma compatible con lo aquí resuelto.*