Miguel López Rivera y otra, demandantes y recurridos, *v.* Gelo Santos Burgos, tercero demandado y recurrido, Ernesto Rivera Díaz y otra, demandados y peticionarios.

*Número:* CC-96-150          *Resuelto:* 28 de junio de 1996

---

*Pedro Rosario Pérez*, abogado de los peticionarios.

PER CURIAM:

(Regla 50)

En el caso de autos, el 14 de julio de 1995 la parte demandada solicitó ante el Tribunal de Circuito de Apelaciones la revisión del dictamen del tribunal de instancia. Luego, el 8 de septiembre de ese año, presentó ante el foro a quo su proyecto de exposición narrativa de la prueba para que ese foro lo aprobara; lo notificó a la parte apelada, y mediante una moción al respecto, le informó al Tribunal de Circuito de Apelaciones sobre dicho trámite.

El 21 de marzo de 1996, el Tribunal de Primera Instancia emitió una orden, en la cual le concedió 10 días a los abogados de las demás partes para expresarse sobre la exposición narrativa de la prueba presentada por los deman-

dados, *indicando que el 19 de marzo de 1996 le había sido referido el asunto.*

Así las cosas, días más tarde, el 25 de marzo de 1996, el Tribunal de Circuito de Apelaciones dictó la sentencia y desestimó el recurso por incumplimiento con su reglamento (Regla 37 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII) y con el procedimiento apelativo, al no darle seguimiento a éste. Inconforme, los demandados en cuestión presentaron una moción de reconsideración ante el foro apelativo. Argumentaron que la parte apelada no había presentado sus objeciones a la exposición narrativa de la prueba; que el foro de instancia no había actuado sobre su proyecto de exposición narrativa de la prueba; que ésta era esencial para completar el trámite apelativo, y que nunca habían sido apercibidos de la intención del tribunal apelativo de desestimar el recurso. El Tribunal de Circuito de Apelaciones declaró no ha lugar la referida moción de reconsideración.

Inconforme con la determinación del foro apelativo, la parte demandada acudió ante nos y alegó como único error lo siguiente:

UNICO ERROR: Cometió grave error el Honorable Tribunal de Circuito de Apelaciones al desestimar el recurso de apelación cuando la dilación en el proceso ocurre como consecuencia de causas no atribuibles al demandado apelante.

Pasamos a resolver, en virtud de lo dispuesto en la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A.

I

La parte peticionaria alega, en síntesis, que antes de desestimar el recurso de apelación, el Tribunal de Circuito de Apelaciones debió solicitarle que acreditara, en un término de 10 días, el estado de la aprobación de la exposición narrativa de la prueba. Veamos si tiene razón.

■ La Regla 42 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII, que estaba vigente cuando el foro apelativo emitió su dictamen, disponía en sus incisos (b) y (c) que:

(b) La parte apelante o peticionaria, dentro del término de veinte (20) días de ordenada la preparación de una exposición narrativa de la prueba por el Tribunal de Circuito de Apelaciones, presentará dicha exposición ante el foro de primera instancia y la notificará a la parte contraria, la cual deberá presentar sus objeciones y proponer enmiendas dentro de los diez (10) días siguientes.

Tanto la presentación de la exposición narrativa como de las objeciones deberán ser notificadas al Tribunal de Circuito de Apelaciones.

Inmediatamente dicha exposición, con las objeciones o enmiendas, quedará sometida al Tribunal de Primera Instancia para su aprobación en el término de treinta (30) días. Al expirar dicho plazo sin que se hubiere aprobado y sin que mediaren objeciones, se entenderá aprobada la exposición narrativa. Una vez resuelta las objeciones, si alguna, y aprobada la exposición narrativa de la prueba, el Secretario de dicho Tribunal la notificará al Secretario del Tribunal de Circuito de Apelaciones. Los términos antes dispuestos podrán ser prorrogados mediante moción debidamente fundamentada y por justa causa.

(c) Será responsabilidad de la parte apelante o peticionaria desplegar toda la diligencia requerida para dar cumplimiento a los plazos dispuestos por esta Regla y notificar al Tribunal de Circuito de Apelaciones en caso de que no se haya cumplido con lo anterior. La omisión de la parte apelante o peticionaria de cumplir con dicho deber podrá ser fundamento para la desestimación del recurso conforme a la [Regla] 44.

A la luz de las disposiciones reglamentarias citadas, no cabe dudas de que en este caso la parte peticionaria no cumplió a cabalidad con lo que le correspondía realizar para completar el trámite apelativo. En particular, dicha parte no desplegó toda la diligencia requerida para procurar que se aprobara la exposición narrativa de la prueba expeditamente. Dejó transcurrir seis meses sin tomar medida alguna frente a la inacción del foro a quo.

■ Ahora bien, ¿debió el foro apelativo castigar a la parte, con la sanción más drástica a su alcance, que es la

de *desestimar* el recurso, sin siquiera habérselo advertido antes? Resolvemos que en las circunstancias concretas de este caso, no se debió recurrir a la sanción más extrema, como lo hizo el Tribunal de Circuito de Apelaciones.

Nótese que aquí, si bien la parte peticionaria no fue tan diligente como debió ser, la dilación de los trámites apelativos no se debió únicamente a la inacción de dicha parte. La parte apelada y el propio tribunal de instancia tampoco fueron tan diligentes como debieron ser y también faltaron a lo contemplado en la citada Regla 42. Ellos también aportaron, por su respectiva inacción, a la dilación del trámite apelativo y, sin embargo, la drástica sanción del Tribunal de Circuito de Apelaciones en cuestión recayó únicamente sobre la peticionaria.

■ Nótese también que, en situaciones como la de autos, con frecuencia los foros apelativos le requieren a la parte apelante que acredite el estado de la aprobación de la exposición narrativa de la prueba antes de imponer sanciones por demoras injustificadas. Ciertamente, este Tribunal sigue esa práctica de ordinario y el propio panel del Tribunal de Circuito de Apelaciones, que dictó la sentencia desestimatoria de autos, ha seguido tal práctica en otros casos.[1] Aquí no se siguió ésta, cuando haberlo hecho hubiese permitido dilucidar, al menos, si el tribunal de instancia, por razones justificadas, no había podido actuar antes con respecto al proyecto de exposición narrativa de la prueba que se le había presentado. La resolución de ese foro de 21 de marzo de 1995 presenta la posibilidad de que, por conocidas razones relativas al enorme volumen de trabajo que experimentan las secretarías de todos los tribunales del país, el foro de instancia aludido no haya tenido la ocasión de enterarse antes de que estaba pendiente para su consideración el proyecto de exposición narrativa de la prueba en cuestión.

---

[1] Consta en autos una copia de una resolución del referido panel, a los efectos mencionados, de 10 de mayo de 1996.

■ Por otro lado, reiteradamente hemos resuelto que cuando un tribunal tiene ante sí una situación de desatención al caso por la parte interesada, la imposición de sanciones debe ser, en primer término, al abogado de la parte, y que si ello no produce efectos positivos, entonces "procederá la imposición de la severa sanción de la desestimación ... tan solo después que la parte haya sido debidamente ... apercibida de la situación". *Maldonado v. Srio. de Rec. Naturales*, 113 D.P.R. 494, 498 (1982). Véanse: *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 D.P.R. 664 (1989); *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807 (1986). Ello no sucedió aquí, y no vemos porqué esta bien fundamentada norma no aplique también en el proceso apelativo.

■ Finalmente, debe tenerse en cuenta que estamos todavía en el proceso de implantar el nuevo régimen apelativo establecido en el país por la creación del Tribunal de Circuito de Apelaciones. En menos de dos años, se ha legislado extensamente en tres ocasiones para establecer dicho foro. Hemos formulado dos reglamentos distintos para ese tribunal, y se han emitido en varios momentos numerosas reglas y órdenes administrativas de carácter provisional. Todo ello pone de relieve la larga y difícil *transición* que ha acompañado la creación de este nuevo régimen apelativo. Por razones obvias, hemos insistido que en las fases iniciales de este proceso es menester mantener una actitud de *flexibilidad* en la interpretación y aplicación de las nuevas normas procesales y reglamentarias. Por ello, en varias ocasiones le hemos señalado al Tribunal de Circuito de Apelaciones que no debe actuar de forma precipitada ni ordenar tan rígidamente la desestimación de los recursos de apelación. *Banco Popular de P.R. v. Pellicier*, 140 D.P.R. 45 (1996); *Santos y otros v. Mun. de Comerío*, 140 D.P.R. 12 (1996). Hoy debemos hacerlo de nuevo, por tratarse de un caso en el cual el foro apelativo debió actuar con mayor flexibilidad. Como señaló la Hon. Juez Asociada Señora Naveira de Rodón, en su conferencia a los jueces de instan-

cia y apelativos del país sobre los cambios recientes en la Ley de la Judicatura de Puerto Rico de 1994:

> Por lo prolífica que ha sido la legislación en cuanto a la creación de recursos y por su énfasis en los detalles, la litigación se ha ido convirtiendo cada vez en más compleja. Se ha creado lo que podríamos llamar un campo minado procesal para los abogados. ...
>
> ... [Por ello] ... los tribunales podemos y habremos de ser flexibles en la interpretación e implantación de estas leyes ....

## II

Por las razones expuestas, *se dictará sentencia para revocar la resolución dictada por el Tribunal de Circuito de Apelaciones, Circuito Regional V, de Ponce y Aibonito, el 30 de abril de 1996 y se devuelve el caso de autos a dicho foro para que continúen los procedimientos conforme a lo aquí resuelto.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Negrón García disintió con una opinión escrita. El Juez Asociado Señor Corrada Del Río disintió sin opinión.

## — O —

Opinión disidente del Juez Asociado Señor Negrón García.

## I

Este *certiorari* versa sobre una apelación presentada ante el Tribunal de Circuito de Apelaciones el 14 de julio de 1995. A pesar de que los apelantes, Rivera Díaz y otros, informaron en septiembre de 1995 a dicho foro que habían presentado un proyecto de exposición narrativa de la prueba (en adelante E.N.P.) en el Tribunal de Primera Instancia para su aprobación, *se cruzaron de brazos sin hacer*

*las gestiones para darle seguimiento.* No fue hasta que el Tribunal de Circuito de Apelaciones dictó una sentencia desestimatoria el 25 de marzo de 1996 —más de seis (6) meses después— que comparecieron de nuevo para solicitar su aprobación.

Ciertamente, los apelantes no desplegaron la diligencia requerida. *Se trata de una sencilla y corta E.N.P. que consiste de cinco (5) páginas, tamaño legal, a doble espacio. ¿Cómo justificar una tardanza de seis (6) meses?*

## II

El derecho de apelación *no es automático.* Presupone un diligenciamiento y su perfeccionamiento. *La preparación de una E.N.P. no es un trámite nuevo.* Forma parte de nuestro esquema de derecho apelativo penal y de revisión civil desde hace más de veinte (20) años; ciertamente, mucho antes de la creación del primer Tribunal de Apelaciones y del actual Tribunal de Circuito de Apelaciones. Las normas reglamentarias existían ya en nuestras Reglas de Procedimiento Civil, Criminal y en el Reglamento de este foro. En lo esencial, los reglamentos que aprobamos para el Tribunal de Circuito de Apelaciones simplemente recogieron las normas y prácticas prevalecientes. *No existe razón alguna para dejar de aplicarlo con tanta laxitud.*

Debemos, pues, mantener la deferencia necesaria para que el Tribunal de Circuito de Apelaciones funcione sin demoras innecesarias y sin que se congestione su calendario con recursos indebidamente perfeccionados o frívolos.

Finalmente, nos preocupa el alcance irrestricto de la decisión mayoritaria. Según ella: ¿es menester siempre hacer un apercibimiento previo? De responder ésta en la afirmativa, ¿se ha tomado en consideración el impacto económico que generará en la labor secretarial, el costo de documentos y los gastos de franqueo? De cualquier manera, sugerimos, respetuosamente, a la mayoría una enmienda inme-

diata al Reglamento del Tribunal de Circuito de Apelaciones para esclarecer éstos y otros extremos.