EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| José Luis Salinas<br><br>    Demandante-Recurrido<br><br>           v.<br><br>Elías Alonso Estrada, su esposa,<br>Fulana de Tal y la Sociedad Legal<br>de Gananciales que ambos constituyen<br><br>    Demandada-Peticionaria | Certiorari<br><br>2003 TSPR 165<br><br> 160 DPR _____ |

Número del Caso: CC-2003-633


Fecha: 13 de noviembre de 2003


Tribunal de Circuito de Apelaciones:
                    Circuito Regional VII


Juez Ponente:
                    Hon. Zaida Hernández Torres

Abogados de la Parte Peticionaria:
                    Lcdo. Alberto Arroyo Cruz
                    Lcda. Cintia M. Ojeda Martínez

Abogado de la Parte Recurrida:
                    Lcdo. Pablo J. Santiago Hernández


Materia: Cobro de Dinero


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Luis Salinas

Demandante-Recurrido

  v.

Elías Alonso Estrada,          CC-2003-633    Certiorari
su esposa, Fulana de Tal
y la Sociedad Legal de
Gananciales que ambos
constituyen

Demandada Peticionaria

PER CURIAM

San Juan, Puerto Rico, a 13 de noviembre de 2003.

En el caso de autos, el Tribunal de Circuito de Apelaciones desestimó el recurso de apelación en vista de que la parte recurrente omitió incluir en el apéndice dos páginas de la Sentencia del Tribunal de Primera Instancia. Por estimar que a la luz de los hechos ante nuestra consideración, la desestimación del recurso fue una determinación drástica y desproporcionada a la referida omisión, revocamos la decisión del foro apelativo.

En estos casos, en los cuales la omisión en el cumplimiento con el Reglamento del Tribunal de Circuito de Apelaciones no impide que dicho

foro determine su jurisdicción y los méritos de la controversia planteada, se deberá proveer a la parte recurrente un término razonable que usualmente no deberá exceder de cinco (5) días, a partir de la notificación por parte del tribunal apelativo de la omisión, para subsanar el incumplimiento reglamentario, en lugar de desestimar el recurso.

I

El Sr. José Luis Salinas (en adelante, señor Salinas) presentó ante el Tribunal de Primera Instancia una acción de cobro de dinero contra el Sr. Elías Alonso Estrada, su esposa y la sociedad legal de gananciales compuesta por ambos (en adelante conjuntamente, señor Alonso Estrada). Reclamó el pago de un préstamo hecho a los referidos codemandados más los intereses acumulados.

El señor Alonso Estrada contestó la demanda y alegó, entre otras cosas, ausencia de una causa de acción a favor del demandante; prescripción de la deuda y/o caducidad; falta de jurisdicción sobre la persona y la materia objeto del litigio; y usura. Luego de que se presentara dicha contestación, el señor Salinas solicitó al tribunal de instancia que dictara sentencia sumaria a su favor. El señor Alonso Estrada no se opuso a esta solicitud, a pesar de una orden del tribunal a esos efectos.

Así las cosas, el tribunal de instancia resolvió que como el señor Alonso Estrada no negó los hechos evidenciados por los documentos anejados a la solicitud de

sentencia sumaria, ni contestó la misma, procedía que se declarara con lugar dicha moción. A tales efectos, el foro de instancia declaró con lugar la demanda de cobro de dinero y ordenó el pago del balance pendiente del préstamo más los intereses acumulados. Asimismo, luego de determinar que el señor Alonso Estrada fue temerario en la tramitación de la acción en su contra, lo condenó al pago de costas, gastos y honorarios de abogado.

Inconforme con esta sentencia, el señor Alonso Estrada acudió ante el Tribunal de Circuito de Apelaciones mediante un recurso de apelación. Allí, alegó que erró el tribunal de instancia al acoger favorablemente la moción de sentencia sumaria del señor Salinas dado que no estaban presentes los requisitos que dispone la Regla 36 de Procedimiento Civil de Puerto Rico para ello. 32 L.P.R.A. Ap. III, R. 36. Sostuvo además, que no procedía dictar sentencia a favor del señor Salinas porque el tribunal carecía de jurisdicción sobre la materia por tratarse de un contrato de préstamo perfeccionado y ejecutado en el estado de la Florida, al cual le aplican las leyes federales; o que en todo caso, procedía aplicar la ley de dicho estado y no la de Puerto Rico. Por último, impugnó la determinación de temeridad y la correspondiente imposición de honorarios de abogado.

El señor Salinas, por su parte, presentó una moción de desestimación ante el foro apelativo. Señaló, en síntesis, que el apéndice del recurso presentado por el señor Alonso

Estrada estaba incompleto, y por lo tanto, procedía desestimarlo por falta de jurisdicción al no haberse perfeccionado dentro del término jurisdiccional de treinta (30) días. En específico, indicó que le faltaron las páginas dos y cinco de las cinco páginas de la Sentencia del Tribunal de Primera Instancia. El señor Alonso Estrada se opuso a la moción de desestimación de la apelación bajo el fundamento de que las páginas omitidas no eran esenciales para adjudicar las cuestiones plateadas.[1]

Visto lo anterior, el Tribunal de Circuito de Apelaciones desestimó el recurso presentado. Dicho foro concluyó que carecía de jurisdicción porque faltaba la parte dispositiva de la sentencia de la cual se recurrió. En su Sentencia, el foro intermedio expresó que las páginas omitidas en el apéndice eran "fundamentales" para atender la controversia planteada, "pues es en dichas páginas que se encuentra la parte dispositiva de la sentencia y de ningún otro documento del apéndice se puede colegir lo dispuesto en la misma."

Oportunamente, el señor Alonso Estrada acudió ante nos. Planteó que incidió el Tribunal de Circuito de Apelaciones al determinar que carecía de jurisdicción en el caso de autos. Luego de evaluar su petición de *certiorari*, decidimos revisar la decisión del tribunal apelativo y, a tenor con la Regla 50 del Reglamento del Tribunal Supremo,

---

[1] Adjunto a esta réplica a la solicitud de desestimación se presentaron las páginas omitidas en el apéndice del recurso.

4 L.P.R.A. Ap. XXII-A, procedemos a resolver sin trámite ulterior.

En esta instancia debemos precisar, en definitiva, el curso de acción que debe seguir el Tribunal de Circuito de Apelaciones en casos como el presente, en los que la omisión en el cumplimiento con el Reglamento de dicho tribunal al presentar un recurso no es de tal magnitud que requiera la sanción drástica de la desestimación.  Veamos.

II

Las formalidades y procedimientos referentes a los recursos de apelación están provistos en el Reglamento del Tribunal de Circuito de Apelaciones de 1996[2] y en las Reglas de Procedimiento Civil de Puerto Rico.[3]  En cuanto al asunto ante nuestra consideración, la Regla 53.1(c) de las de Procedimiento Civil dispone que el recurso de apelación ante el Tribunal de Circuito de Apelaciones deberá presentarse dentro de los próximos treinta (30) días a partir del archivo en autos de copia de la notificación de la sentencia apelada.  32 L.P.R.A. Ap. III, R. 53.1(c). *Véase además*, Regla 13(A) del Reglamento del Tribunal de Circuito de Apelaciones.  Este es un término jurisdiccional -improrrogable- lo cual implica que su incumplimiento es fatal.  *Id*.

Entre los requisitos que se proveen para todo escrito de apelación está el incluir un apéndice.  Reglas 53.2 y

---

[2] 4 L.P.R.A. Ap. XXII-A.

[3] 32 L.P.R.A. Ap. III.

54.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.2(a)(9) y 54.4(a); Regla 16(E) del Reglamento del Tribunal de Circuito de Apelaciones. Como el término para presentar el recurso de apelación es jurisdiccional, el apéndice del recurso debe presentarse de manera completa y correcta dentro de este mismo término. Cruz Castro v. Ortiz Montalvo, res. el 27 de abril de 2001, 2001 T.S.P.R. 62. De lo contrario, el recurso no se habrá perfeccionado y el tribunal carecerá de jurisdicción para dilucidarlo en sus méritos. *Id.*

En cuanto a la importancia del apéndice como parte del escrito de apelación, hemos resaltado que es crucial para que el tribunal apelativo verifique el cumplimiento con los términos procesales vigentes. Córdova Ramos v. Larín Herrera, res. el 2 de junio de 2000, 2000 T.S.P.R. 92. Conforme a ello, se provee que el apéndice debe incluir, entre otras cosas, copia literal de la sentencia del foro de instancia cuya revisión se solicita con su respectiva copia de la notificación del archivo en autos de la misma. Regla 54.4(a)(2) de Procedimiento Civil, *supra*; Regla 16(E)(1)(b) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*. De lo anterior podemos colegir que el propósito de este requisito en particular es que el tribunal revisor pueda constatar su jurisdicción y a la vez tenga copia literal del fallo apelado para poder adjudicar los méritos del recurso basándose en información de primera mano; esto es, la decisión misma del tribunal recurrido.

Tanto el referido Reglamento del Tribunal de Circuito de Apelaciones como las Reglas de Procedimiento Civil, disponen para que el foro intermedio pueda sancionar a la parte recurrente que no cumpla a cabalidad con las formalidades y procedimientos en la presentación de solicitudes de apelación, como por ejemplo, la omisión de parte o todo el apéndice. Regla 53.1(l) de Procedimiento Civil, *supra*; Regla 83(c) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*. Una de las sanciones provistas es la desestimación de la solicitud de apelación presentada. *Id*.

Al revisar instancias específicas en las que el referido foro apelativo desestimó el recurso presentado por incumplimiento con las disposiciones reglamentarias pertinentes al apéndice, hemos utilizado, como norma general, un enfoque pragmático. Ello ha sido el resultado del balance entre la norma de que los casos se resuelvan de manera justa, rápida y económica y la obligación de los tribunales de promover la solución de las controversias en sus méritos y la consecución de la justicia. Soc. de Gananciales v. García Robles, 142 D.P.R. 241, 260 (1997).

En consideración a dicho enfoque, hemos expresado que:

> C]omo regla general, el mecanismo procesal de la desestimación como sanción debe utilizarse como último recurso. **Por consiguiente, cuando el tribunal utiliza dicho mecanismo procesal en casos de incumplimiento con su Reglamento, debe cerciorarse primero que el incumplimiento haya provocado un impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos. De esta manera se concilian el deber de las partes de cumplir con los Reglamentos**

**procesales y el derecho estatutario de todo ciudadano a que su caso sea revisado por un panel colegiado de tres (3) jueces. Con este balance en mente, el tribunal apelativo puede y debe usar medidas intermedias menos drásticas dirigidas al trámite y perfeccionamiento diligente de los recursos de apelación**. Román Velázquez y Otros v. Román Hernández y Otros, *supra*, res. el 24 de septiembre de 2002, 2002 T.S.P.R. 132.

A esos efectos, véase además, Pueblo v. Ruiz Rodríguez, res. el 18 de junio de 2002, 2002 T.S.P.R. 81; Rivera Santiago v. Mun. de Guaynabo, res. el 3 de mayo de 2001, 2001 T.S.P.R 67; Cruz Castro v. Ortiz Montalvo, res. el 27 de abril de 2001, 2001 T.S.P.R. 59; Esquilín Aponte v. Aponte de la Torre y Otros, res. el 8 de febrero de 2000, 2000 T.S.P.R. 19; Soc. de Gananciales v. García Robles, *supra*; Banco Popular de P.R. v. Pellicier, 140 D.P.R. 45 (1996); Santos y Otros v. Mun. De Comerío, 140 D.P.R. 12 (1996); López Rivera v. Rivera Díaz, 141 D.P.R. 194 (1996). En estos casos se reitera que la sanción de la desestimación como consecuencia del incumplimiento con ciertas disposiciones del reglamento del foro apelativo intermedio debe ser un mecanismo de último recurso. Soc. de Gananciales v. García Robles, *supra*, a la pág. 259. Antes de imponer una sanción tan drástica, el Tribunal debe considerar, sopesar y balancear todos los intereses involucrados y asegurarse que el incumplimiento sea uno de tal gravedad que efectivamente amerite que se desestime el recurso. *Id*.; Rivera Santiago v. Mun. de Guaynabo, *supra*.

Por consiguiente, no cualquier omisión en el cumplimiento con las normas reglamentarias referentes al

apéndice, por somera que sea, justifica la desestimación del recurso por el tribunal apelativo. Según nuestra jurisprudencia, procede sancionar con la desestimación el recurso sólo cuando los documentos omitidos sean esenciales para verificar los términos jurisdiccionales para presentar el recurso; o se trate de una omisión cuantitativamente sustancial; o los documentos omitidos sean esenciales para la comprensión de las cuestiones planteadas, o hagan ininteligible el recurso en su totalidad. *Véase por ejemplo*, Cruz Castro v. Ortiz Montalvo, *supra*, (la omisión de diecisiete (17) cartas en el apéndice no justificaban la desestimación por tratarse de información que no era necesaria para atender el planteamiento medular de los peticionarios); Román Velázquez y Otros v. Román Hernández y Otros, *supra*, (a pesar de no haberse incluido en el apéndice la contestación a la demanda, una solicitud de intervención y una moción de reconsideración, entre otros documentos, no procedía desestimar el recurso pues ninguno de éstos provocó un impedimento real y meritorio para atender el caso en sus méritos); Codesi, Inc. V. Municipio de Canóvanas, res. el 24 de marzo de 2000, 2000 T.S.P.R. 61, (procedía desestimar porque los documentos omitidos eran esenciales); Córdova Ramos v. Larín Herrera, *supra*, (omitir cincuenta y tres (53) páginas de las ciento siete (107) páginas que debía tener el apéndice es un incumplimiento sustancial; las páginas omitidas eran además "cruciales", "necesarias" y "esenciales"); Santos y Otros

v. Mun. de Comerío, *supra*, (el tribunal intermedio abusó de su discreción al desestimar un recurso en el que se incluyeron documentos a espacios sencillos que posteriormente fueron sustituidos).

A estos mismos efectos, en Rivera Santiago v. Mun. de Guaynabo, *supra*, expresamos que:

> Nuestro norte en estas situaciones lo es el principio rector de que las controversias judiciales, en lo posible, se atiendan en los méritos. Nos anima el interés y propósito de viabilizar el derecho de los litigantes a que las sentencias emitidas por el Tribunal de Primera Instancia puedan ser revisadas en apelación por un tribunal colegiado, tomando en consideración la necesidad del Tribunal de Circuito de Apelaciones de promover su adecuado funcionamiento y asegurar la atención justa, rápida y económica de esos recursos. Por lo tanto, intimamos a ese Tribunal para que evalúe qué tipo de sanción, si alguna, ha de imponerse por el incumplimiento de ciertas disposiciones de su reglamento para el trámite y perfeccionamiento de un recurso de apelación, que no contienen requisitos jurisdiccionales o de cumplimiento estricto, cuyo incumplimiento no impide que se le dé curso al recurso o que puedan ser atendidos los méritos del mismo, y que no conllevan, a su vez, la desestimación automática del recurso de apelación, a tenor con la normativa ya pautada por este Tribunal. *Además*, Soc. de Gananciales v. García Robles, *supra*.

Todo lo anterior es cónsono con la derogada Ley de la Judicatura de 1994, 4 L.P.R.A sec. 22 *et seq.*, y la nueva Ley de la Judicatura de 2003.[4] En ambas leyes se destaca la

---

[4] Esta ley se aprobó el 22 de agosto de 2003. Derogó, entre otras cosas, el Plan de Reorganización de la Rama Judicial Núm. 1 de 28 de julio de 1994, conocido como Ley de la Judicatura de 1994. Su vigencia será efectiva a partir de noventa (90) días después de la fecha de aprobación. Como es evidente, el caso de autos surge al amparo de la Ley de la Judicatura de 1994. No obstante, acudimos como

intención legislativa de que toda decisión de los tribunales de instancia pueda ser revisada por un tribunal colegiado. *Véase*, <u>Soc. de Gananciales v. García Robles</u>, *supra*, a la pág. 252; y el Art. 4.002 de la Ley de la Judicatura de 2003, *supra*. En específico, en la Exposición de Motivos de la Ley de la Judicatura de 1994 se expresa que el propósito de la ley es "[c]onceder el derecho de apelación a los ciudadanos en casos civiles y criminales, extendiéndose a todo puertorriqueño afectado adversamente por una decisión de un tribunal el derecho a que un panel apelativo de un mínimo de tres jueces revise esa decisión...". Exposición de Motivos de la Ley de la Judicatura de 1994 de 28 de julio de 1994, Leyes de Puerto Rico, págs. 2801-2802. *Además*, <u>Depto. de la Familia v. Shilvers Otero</u>, 145 D.P.R. 351 (1998).

Por su parte, la recién aprobada Ley de la Judicatura de 2003, *supra*, es aún más contundente en imponerle al Tribunal de Circuito de Apelaciones la obligación de velar porque las controversias se vean en sus méritos y porque los ciudadanos tengan un acceso efectivo a la justicia libre de obstáculos formalistas. Con dicho fin expresa que:

> El Tribunal de Circuito de Apelaciones cumplirá el propósito de proveer a los ciudadanos de un foro apelativo mediante el cual un panel de no menos de tres (3) jueces revisará, como cuestión de derecho, las sentencias del Tribunal de Primera Instancia. [...]

referencia a ambas legislaciones para guiarnos en la adjudicación de esta controversia.

**El Tribunal de Circuito de Apelaciones deberá cumplir con el objetivo de esta Ley de dar mayor acceso a la ciudadanía a los procesos judiciales. Deberá ofrecer acceso fácil, económico y afectivo a sus procedimientos, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos validos.** Art. 4.002 de la Ley de la Judicatura de 2003, *supra*.

Debemos entonces considerar que, una aplicación inflexible e indiscriminada del Reglamento del Tribunal de Circuito de Apelaciones podría dejar sin efecto la intención legislativa de las referidas leyes en cuanto a que las decisiones de los foros de instancia puedan ser revisadas por un tribunal intermedio colegiado y de garantizar a la ciudadanía un acceso a la justicia más amplio y efectivo. Esto es aun más patente cuando estamos ante casos en los cuales el recurso fue presentado ante el foro apelativo a tiempo y la omisión en el cumplimiento con los requisitos reglamentarios no impide que se calculen los términos jurisdiccionales y puede ser subsanada con facilidad y prontitud.

A la luz de la discusión anterior, veamos la controversia ante nos.

III

En esta ocasión debemos disponer, en definitiva, normas claras que sirvan de guía al foro apelativo en casos como el presente, a la luz de nuestra facultad para proveer soluciones procesales cuando sea necesario para facilitar la administración de la justicia y la solución justa,

rápida y económica de los trámites judiciales.[5] <u>Vives Vázquez v. E.L.A.</u>, 142 D.P.R. 117, 140 (1996); *Véase además*, Regla 71 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 71. Veamos.

En el caso de autos, el Tribunal de Circuito de Apelaciones desestimó el recurso de apelación presentado por el señor Alonso Estrada porque se omitió incluir en el apéndice de dicho recurso las páginas dos y cinco de la Sentencia del Tribunal de Primera Instancia. El foro apelativo determinó que las constancias de las referidas páginas eran "fundamentales" para atender la controversia planteada y que además, su omisión hizo "ininteligible" la sentencia apelada. Por lo tanto, concluyó que estaba impedido de considerar la corrección de los planteamientos ante su consideración.

El señor Alonso Estrada fundamentó su apelación ante el referido foro en que se dictó sentencia sumaria en ausencia de los requisitos que dispone la Regla 36 de Procedimiento Civil de Puerto Rico para ello; que no procedía dictar sentencia a favor del señor Salinas porque el tribunal carecía de jurisdicción sobre la materia por tratarse de un contrato de préstamo perfeccionado y

---

[5] Aunque en el caso de autos estamos aplicando la anterior Ley de la Judicatura de 1994, *supra*, sobre este particular la Ley de la Judicatura de 2003, *supra*, no ha hecho cambios que afecten lo que estamos disponiendo. Al respecto, uno de los objetivos fundamentales de la Ley de la Judicatura de 2003 dispone para que la Rama Judicial opere bajo un sistema de manejo de casos de forma efectiva y rápida, sin menoscabar los derechos sustantivos y procesales de la ciudadanía. Art. 1.002 de la Ley de la Judicatura de 2003, *supra*.

ejecutado en el estado de la Florida, al cual le aplican las leyes federales; o que en todo caso, procedía aplicar la ley de dicho estado y no la de Puerto Rico; y que no procedía la determinación de temeridad y la correspondiente imposición de honorarios de abogado.

Para evaluar la controversia ante nuestra consideración pasemos a revisar entonces el contenido de las páginas omitidas en el apéndice en contraste con los planeamientos que se presentaron en el recurso de apelación.

Primero, la página dos de la Sentencia del tribunal de instancia contiene cuatro párrafos que narran varios incidentes procesales y tres párrafos de determinación de hechos. En los primeros, el tribunal de instancia expone las defensas afirmativas que se levantaron en la contestación a la demanda; informa la presentación de una moción de sentencia sumaria y la denegatoria del tribunal al señor Alonso Estrada de una solicitud para relevarlo de oponerse a dicha moción; y explica que el tribunal le impuso al señor Salinas una fianza de no residente, la cual fue prestada. Por último, en esta primera parte de la página dos, la sentencia de instancia señala que como el señor Alonso Estrada no se opuso a la moción de sentencia sumaria, el tribunal la acogió favorablemente para el señor Salinas.

Las tres determinaciones de hecho incluidas en la página dos de la sentencia en cuestión se refieren a: (1)

que el señor Alonso Estrada recibió del señor Salinas un préstamo por la cantidad de doce mil quinientos ($12,500) dólares; (2) que el señor Alonso Estrada se obligó a reintegrar dicha cantidad en un plazo de cinco meses y a pagar, además, intereses a base del uno por ciento (1%) sobre la tasa preferencial fluctuante de los Estados Unidos de América; y (3) que el señor Alonso Estrada firmó un pagaré a esos efectos, el cual se unió a la moción de sentencia sumaria.

Segundo, en la página cinco de la sentencia del tribunal de instancia constan dos líneas en las que se especifica la cuantía impuesta en concepto de gastos, costas y honorarios de abogado. La determinación de temeridad y de imposición de honorarios de abogado está incluida en la página anterior, que sí formó parte del apéndice del recurso. También, como es de suponer, en esta página número cinco consta el lugar y la fecha de la Sentencia, la firma y nombre del juez que la emitió, el sello del tribunal y la orden de que se registre y notifique dicho documento.[6]

Al comparar los datos que no tuvo el tribunal apelativo ante sí con los planteamientos que se hicieron en el recurso de apelación, se evidencia que no se trataba de información fundamental o esencial para adjudicar el caso. Tampoco hacían incompresible la sentencia de instancia. En la página número cuatro, que sí fue incluida, constaba la

---

[6] Estos datos pueden verificarse en la copia del volante de notificación del archivo en autos de la sentencia.

determinación de temeridad del señor Alonso Estrada y la imposición de honorarios de abogado.  Lo único que faltó fue la cuantía en concepto de ello.  Ese dato, no obstante, no era necesario para que el Tribunal de Circuito de Apelaciones determinara si hubo o no temeridad.

En cuanto a los demás argumentos del señor Alonso Estrada, éstos trataban de asuntos de derecho bien explicados en el alegato de apelación.  Nada de lo que se dice en la página dos de la sentencia recurrida se relaciona con el hecho de si el tribunal de instancia tenía jurisdicción sobre la materia por ser un asunto correspondiente a la jurisdicción federal o si éste aplicó incorrectamente la ley de Puerto Rico, en lugar de la ley del estado de la Florida.  De igual forma, las cuestiones relacionadas a la procedencia de la moción de sentencia sumaria en el presente caso se explicaron detalladamente en el alegato presentado.

Como vemos, no es correcta la determinación del foro intermedio en cuanto a que las páginas omitidas eran fundamentales para la adjudicación de los asuntos en controversia, o que su omisión hacía ininteligible la sentencia recurrida.  Por estas razones no procedía imponer la drástica sanción de la desestimación del recurso.  Tampoco procedía desestimar por el hecho de que dicha omisión, en efecto, constituyó inobservancia de las disposiciones reglamentarias del referido foro.  Ello fue una omisión intrascendental que bien pudo permitirse su

subsanación sin dilación mayor al procedimiento apelativo y en beneficio al interés de que los casos se resuelvan en sus méritos y al mandato de ofrecer mayor acceso a los tribunales eliminando obstáculos y barreras que impidan impartir justicia apelativa.

Por lo tanto, a la luz de lo anterior, resolvemos que en casos como el de autos, la sanción de la desestimación es improcedente.  Un error de esta magnitud no justifica la desestimación del recurso y la consecuente pérdida del derecho a revisión por un tribunal colegiado.  En su lugar, el Tribunal de Circuito de Apelaciones debió proveer un término de cinco (5) días a partir de la notificación para que el recurrente subsane la omisión en el cumplimiento con el Reglamento de dicho foro.

Por último, y no menos importante, valga aclarar que no queda al arbitrio de los abogados decidir qué disposiciones reglamentarias acatar y cuándo acatarlas. Arraiga Rivera v. F.S.E., 145 D.P.R. 122, 130 (1998).  Con la norma que disponemos en este caso, sólo ampliamos la facultad del tribunal apelativo de conceder un término para subsanar una falta a su reglamento cuando no se trata de un incumplimiento sustancial sino más bien de una inadvertencia mínima que en nada afecta la determinación de jurisdicción de dicho tribunal y la adjudicación del caso sin dilación mayor.  "La mayor eficacia del sistema procesal se adquiere cuando las normas son interpretadas con el propósito de promover el objetivo fundamental de

garantizar una solución justa, rápida y económica de las controversias." J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Tomo I, San Juan, Publicaciones JTS, 2000, a la pág. 8. En nada contribuye a lo anterior el desestimar recursos apelativos por formalidades intrascendentales en vista del trabajo y los esfuerzos económicos que éstos conllevan y ante la posibilidad de soslayar derechos sustantivos de las partes.

Por los fundamentos que anteceden, y a tenor con la Regla 50 del Reglamento del Tribunal Supremo, expedimos el auto de *certiorari* solicitado y procedemos a revocar la Sentencia del Tribunal de Circuito de Apelaciones. Además, se le ordena acoger el recurso de apelación del señor Alonso Estrada. Por consiguiente, se devuelve el caso a dicho foro para la continuación de los procedimientos de forma consistente con lo aquí resuelto.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Luis Salinas

Demandante-Recurrido

  v.

                                 CC-2003-633   Certiorari

Elías Alonso Estrada,
su esposa, Fulana de Tal
y la Sociedad Legal de
Gananciales que ambos
constituyen

Demandada Peticionaria

SENTENCIA

San Juan, Puerto Rico, a 13 de noviembre de 2003.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se revoca el dictamen emitido por el Tribunal de Circuito de Apelaciones y se devuelve el caso a dicho Tribunal para que continúen los procedimientos de forma consistente con lo aquí resuelto.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señor Corrada del Río y señor Rivera Pérez concurren sin opinión escrita.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo