Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| CONSUELO MARIE BARBETTA<br><br>Demandante Apelante<br><br>v.<br><br>IRVIN RAMOS ROSA<br><br>Demandado Apelado | KLAN202500231 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2024CV02148<br><br>Sobre: Daños |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de marzo de 2025.

Comparece la señora Consuelo Marie Barbetta (señora Barbetta o apelante) mediante recurso de apelación, y por derecho propio, a fin de solicitar que revoquemos una *Orden* que, sin embargo, no identifica. Según la apelante, el foro primario denegó su solicitud de emitir una sentencia en rebeldía al amparo de las Reglas 45.1 y 45.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V). Por los fundamentos que expresaremos, desestimamos el recurso por falta de jurisdicción.

Vale recordar que las partes que recurren ante el Tribunal de Apelaciones deberán observar rigurosamente las normas que rigen el perfeccionamiento de los recursos apelativos, por lo cual el incumplimiento de los foros apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011). De esta manera, los foros

apelativos podrán decidir correctamente las cuestiones planteadas, mediante el examen de un expediente completo. *Soto Pino v. Uno Radio Group*, *supra*. Ante dicho incumplimiento e inobservancia de las reglas, el foro apelativo podrá desestimar el recurso, aunque se podrá demostrar flexibilidad cuando se trata de un mero requisito de forma de menor importancia o cuando se haya impuesto la sanción sin antes haber apercibido a la parte debidamente. *Gran Vista I v. Gutiérrez y otros*, 170 DPR 174 (2007) (citando a *Salinas v. SLG Alonso*, 160 DPR 647 (2003) (*Per Curiam*); *Román et als. v. Román et als.*, 158 DPR 163 (2002) (*Per Curiam*); *Arriaga v. FSE*, 145 DPR 122 (1998); *López Rivera v. Rivera Díaz*, 141 DPR 194 (1996) (*Per Curiam*); *Santos y otros v. Mun. de Comerío*, 140 DPR 12 (1996) (*Per Curiam*). El que una parte comparezca por derecho propio no justifica que incumplan con las reglas procesales. *Rivera Marcucci v. Suiza Dairy Inc.*, 196 DPR 157 (2016); *Febles v. Romar*, 159 DPR 714 (2003) (*Per Curiam*).

Conforme con lo anterior, el *Reglamento del Tribunal de Apelaciones* requiere que el cuerpo de un recurso de apelación incluya, en lo pertinente a nuestra presente decisión: (1) una referencia a la sentencia cuya revisión se solicita; (2) las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal de Apelaciones; (3) una relación fiel y concisa de los hechos procesales e importantes del caso; (4) un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia; y (5) una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable. Regla 16 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Al mismo tiempo, la parte apelante deberá incluir un Apéndice en la presentación de su recurso, tal como (1) las alegaciones de las partes mediante las demandas y sus contestaciones; (2) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma; (3) toda resolución, orden, moción u otro escrito que forme parte del expediente del foro primario y en los cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a ésta. Íd. Véase, también, la Regla 74 del Tribunal de Apelaciones, *supra*. No obstante, el foro apelativo podrá permitir, a solicitud de la parte apelante, en moción o *motu proprio*, la presentación de los documentos del Apéndice en una fecha posterior, dentro de un término de quince (15) días contados a partir de la fecha de notificación de la resolución que autoriza tal presentación. Íd.

En el presente caso, la señora Barbetta presentó su recurso de apelación de manera incompleta. Es decir, excepto por una *Resolución Interlocutoria* que resolvió sin lugar una moción de reconsideración y una *Orden* que le explicó a la apelante la manera correcta para solicitar una copia del expediente, la señora Barbetta omitió presentar algún documento o señalamiento de error que pudiera poner a este Tribunal en posición de evaluar alguna controversia en sus méritos, con el propósito de emitir un dictamen fundamentado. Por tanto, ante la insuficiencia de información atinente a una controversia jurídica actual y definida, carecemos de la facultad jurisdiccional para revisar el recurso de apelación.

Por los fundamentos expuestos, desestimamos el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre con la siguiente expresión:

"La Jueza Grana Martínez desestimaría el recurso por tardío. Un examen del expediente en el Sistema Unificado de Administración y Manejo de Datos (SUMAC) refleja que el Tribunal de Primera Instancia notificó la Sentencia desestimando la reclamación el 10 de enero de 2025. Tan solo 13 días después, la apelante presentó un escrito, el cual por su contenido tomó como una solicitud de reconsideración. El 23 de enero de 2025 el foro primario declaro no ha lugar el escrito. La apelante tenía que presentar su recurso ante este foro en los 30 días siguientes.

Los recursos de apelación al Tribunal de Apelaciones para revisar sentencias deberán presentarse dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado. 32 LPRA Ap. V, Reg. 52.2 (a). Este término es jurisdiccional. Es desde esa fecha que la apelante contaba con un término de 30 días para presentar el recurso ante este foro. Habiéndolo presentado el 19 de marzo del año en curso, su recurso es uno tardío.

Cuando un tribunal no tiene jurisdicción, lo único que puede hacer es así declararlo. Esto así porque una sentencia emitida por un tribunal sin jurisdicción es una sentencia nula, inexistente. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 386 (2020); *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 921 (2000). Y es así, tan radical, porque la ausencia de jurisdicción no puede ser subsanada; las partes no puedan conferírsela voluntariamente a un

tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar incluso la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 854 (2009); *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997); *Vázquez v. ARPE*, 128 DPR 513, 537 (1991).

Una de las instancias en las que un foro adjudicativo carece de jurisdicción ocurre cuando se presenta un recurso prematuro o tardío porque sufre del grave e insubsanable defecto de privar de jurisdicción al tribunal. *Íd."*

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones