TEXTO COMPLETO DE LA SENTENCIA
El presente recurso de certiorari solicita la revocación de la Resolución emitida el 2 de mayo de 2005, notificada el 5 de ese mes y año, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), en el Caso Civil Núm. EPE2002-0512. En la referida determinación, se declaró Con Lugar una moción al amparo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 49.2. Veamos los hechos.
I
Desde el año 1970, el codemandante y aquí recurrido Rubén Rodríguez Centeno (Rodríguez Centeno) trabajó para la demandada y ahora peticionaria Pueblo International, LLC (Pueblo). Sin embargo, en el año 2000, como parte de una alegada reorganización corporativa, Pueblo eliminó la plaza de Director de Precios al Detal ocupada por Rodríguez Centeno, por lo que éste fue cesanteado. 
Arguyendo que Pueblo había discriminado en su contra por motivo de edad, el 3 de octubre de 2002, Rodríguez Centeno, su esposa Janet Güembes Ramos, la Sociedad Legal de Bienes Gananciales por ellos *416 compuesta y sus hijos Rubén Rodríguez Parker, Daniel Rodríguez Güembes, René Rodríguez Güembes y Ricardo Rodríguez Güembes (recurridos), presentaron contra Pueblo la Demanda de epígrafe, basada en una reclamación de discrimen por edad, despido injustificado, despido por represalias y daños y peijuicios.
El 19 de noviembre de 2002, Pueblo notificó a los recurridos un pliego de interrogatorios y requerimiento de producción de documentos. Transcurridos algunos meses, habiéndose solicitando por parte de Pueblo la contestación del interrogatorio y producción (mediante cartas con fechas de 22 de enero de 2003, 6 de febrero de 2003, 2 de abril de 2003 y 7 de julio de 2003), el 11 de agosto de 2003, los recurridos notificaron su contestación, la cual fue acompañada el 8 de septiembre de 2003 por la producción parcial de documentos.
Sin embargo, objetadas las contestaciones por Pueblo mediante carta de 26 de agosto de 2003, y sometidas varias misivas solicitando a los recurridos que completase el descubrimiento de prueba (con fechas de 1 de octubre de 2003, 17 de noviembre de 2003 y 23 de diciembre de 2003), el 20 de agosto de 2004, Pueblo presentó ante el TPI una moción titulada Solicitud de Desestimación a Tenor Con la Regla 39.2(b) de Procedimiento Civil. Éste adujo que la paite recurrida había incumplido reiteradamente con su obligación de descubrir prueba, así como tampoco había efectuado trámite alguno ante el TPI por espacio de un (1) año. La paite recurrida no se opuso a esta solicitud.
Ordenada la comparecencia de los recurridos mediante Orden emitida por el TPI el 1 de septiembre de 2004, notificada el 14 de septiembre de 2004, ante su incomparecencia, el 13 de octubre de 2004, notificada el 29 de ese mes y año, el TPI dictó Sentencia por la que desestimó y archivó el caso de autos, aduciendo “no haberse efectuado trámite alguno en el mismo durante los últimos seis meses”. Los recurridos no solicitaron reconsideración o apelación de dicha determinación, por lo que pasados treinta (30) días ésta advino final y firme.
Así las cosas, el 10 de marzo de 2005, los recurridos presentaron ante el TPI un escrito titulado Solicitud de Relevo de Sentencia a Tenor Con la Regla 49.2 de Procedimiento Civil. Su representante legal, el Ledo. Edwin L. Bello Rivera (Ledo. Bello Rivera), alegó que “para el mes de julio de 2004, [éste] se vio obligado a efectuar una extensa restauración a la propiedad donde ubicaba su oficina hasta aquél entonces”. Adujo que en consecuencia del traslado se percató de irregularidades en la entrega de su correspondencia, por lo que solicitó un cambio de dirección, el cual, por inadvertencia suya, no informó al TPI ni a Pueblo. Así pues, sin indicar fecha cierta, informó al TPI haber advenido en conocimiento de la desestimación tardíamente. A base de dichos criterios, el Ledo. Bello Rivera solicitó la reapertura del caso de epígrafe, arguyendo que los recurridos:

“1. no participaron de las actuaciones u omisiones que llevaron a la desestimación;

2. no conocían ni fueron apercibidos de los hechos que suscitaron la referida desestimación;

3. no han reflejado un patrón reiterado y conocido de incumplimiento con las órdenes [del TPI]; y

4. no habían sido previamente sancionados ni notificados sobre la posibilidad de ser sancionados con la desestimación de la Demanda

Esta solicitud fue acompañada con una Declaración Jurada suscrita por Sr. Rodríguez Centeno y Janet Güembes Ramos, en la que, en lo pertinente, afirmaron que:

“[El Ledo. Bello Rivera ni el TPI] nos notificó sobre la sentencia dictada por este Honorable Tribunal, ni tampoco sobre los problemas en torno a los cambios de dirección de nuestro abogado. Por no tener conocimiento de estos hechos, fuimos privados de nuestro derecho a poder reaccionar a las alegaciones de Pueblo y a defender nuestros intereses en el referido casó ”.

*417 Además, el Ledo. Bello Rivera atribuyó el atraso en el descubrimiento de prueba al recurso presentado por Pueblo ante este Tribunal de Apelaciones (caso KLCE-03-00137), y el Tribunal Supremo (caso CC-03-0344), sobre solicitud de traslado de los procedimientos. 
De otra parte, el 29 de marzo de 2005, Pueblo se opuso a la solicitud de relevo de sentencia. Argumentó que el reclamo de los recurridos no constituia negligencia excusable bajo la Regla 49.2 de Procedimiento Civil, pues los recurridos no alegaron de manera específica haber dejado de recibir los escritos de Pueblo o las órdenes y sentencia dictadas por el TPI. Así pues, aduciendo la falta de razón alguna que constituyera justa causa para dejar sin efecto la Sentencia del 13 de octubre de 2004, Pueblo solicitó se declarase sin lugar la solicitud de relevo de sentencia.
Atendidos los reclamos de las partes, como hemos informado, el 2 de mayo de 2005, el TPI emitió Resolución y dejó sin efecto la Sentencia de 13 de octubre de 2004. Además, dicho foro ordenó a los recurridos el pago de una sanción de $500 a favor de Pueblo, en un plazo de 15 días. Insatisfecho con la determinación del TPI, el 6 de junio de 2005, Pueblo acude ante nos mediante el presente recurso de certiorari, alegando que:

“Erró el Honorable Tribunal de Primera Instancia al conceder un relevo de sentencia sin que existan razones que lo justifiquen a tenor con los requisitos de la Regla 49.2 de Procedimiento Civil y su jurisprudencia interpretativa. ”

II
Reiteradamente, el Tribunal Supremo de Puerto Rico ha establecido que las cuestiones relacionadas a la jurisdicción de un tribunal, por ser privilegiadas, deben resolverse con preferencia a cualesquiera otras y que los tribunales tienen un deber ministerial de velar por su jurisdicción, sin discreción para atribuírsela cuando no la poseen. Empress Hotel, Inc. v. Acosta, Res. 150 D.P.R. 208, 213 (2000); Arriaga v. F.S.E., 145 D.P.R. 122, 127 (1998); López v. J. Gus Lallande, 144 D.P.R. 774, 792 (1998). Por ello, se ha resuelto que los tribunales deben ser celosos guardianes de su jurisdicción, al extremo que, aun ante ausencia de señalamiento a esos efectos por las partes, obligados a velar por su jurisdicción, los tribunales tendrán que levantar dicho defecto motu proprio. Souffront Cordero, et al. v. Autoridad de Acueductos, Op. de 21 de abril de 2005, 2005 J.T.S. 56; Ponce Fed. Bank v. Chubb Life Insurance Ins., Co., Op. de 18 de octubre de 2001, 2001 J.T.S. 145, a la pág. 248; Medio Mundo, Inc. v. Rivera, et als., Op. de 8 de junio de 2001,2001 J.T.S. 88, a la pág. 1389.
Como es sabido, un procedimiento instado bajo la Ley de Reclamaciones por Servicios Prestados, Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. § 3118 et seq. (Ley Núm. 2), requiere, como designio principal, que las reclamaciones se resuelvan con prontitud. Esta ley, resguardándose en su carácter sumario, establece ciertas limitaciones a los mecanismos procesales disponibles en la resolución de casos por la vía ordinaria. Estas limitaciones adelantan la clara intención del legislador, de impartirle un carácter de celeridad y prontitud al proceso de resolución de reclamaciones de naturaleza laboral, las cuales, como sabemos, están revestidas del más alto grado de interés público. Berrios v. González et al., 151 D.P.R. 327, 328-329 (2000). La naturaleza de este tipo de reclamación exige celeridad en su trámite para así alcanzar los propósitos legislativos de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero despedido de recursos económicos entre un empleo y otro. Ruiz v. Col. San Agustín, 152 D.P.R. 226, 231-232 (2000); Rodríguez v. Syntex P.R. Inc., 148 D. P.R. 604, 612 (1999).
En Dávila v. Antilles Shipping, 147 D.P.R. 483 (1999), el Tribunal Supremo tuvo ocasión de sopesar el carácter sumario del procedimiento especial bajo la Ley Núm. 2 con la economía procesal que se lograría mediante la corrección de un error alegadamente perjudicial cometido por una resolución interlocutoria dictada por el Tribunal de Primera Instancia. Éste concluyó que, aun cuando la legislación vigente faculta a los tribunales apelativos de autoridad revisora sobre resoluciones interlocutorias dictadas al amparo de la Ley Núm. 2, ésta resulta contraria al carácter sumario del procedimiento, por lo cual debemos autolimitar nuestra *418 intervención al efecto. Dávila, 147 D.P.R., a las págs. 496-497. En consecuencia, la parte que pretenda impugnar tales resoluciones interlocutorias deberá esperar hasta la sentencia final y presentar contra ella el recurso pertinente a base del alegado error cometido.
Ahora bien, la norma expresada no es absoluta. Así pues, en aquellos casos en que la resolución interlocutoria impugnada haya sido dictada sin jurisdicción y en los casos extremos en los que los fines de la justicia requiera nuestra intervención (esto es, casos que se puedan disponer prontamente en su totalidad y de forma definitiva, o cuando la revisión tenga el efecto de evitar una grave injusticia), el foro apelativo sí mantendrá y ejercerá su facultad para revisar vía certiorari. Dávila, 147 D.P.R., a la pág. 498. Véase además, Rodríguez y otros v. Rivera y otros, Op. de 12 de diciembre de 2001, 2002 J.T.S. 2, a la pág. 551; Ruiz, 152 D.P.R., a la pág. 232.
Como hemos informado, en el caso de autos, Rodríguez Centeno presentó contra su patrono Pueblo la Demanda de epígrafe ante el TPI, al amparo de la Ley Núm. 80 de 30 de mayo de 1976 y la Ley Núm. 100 de 30 de junio de 1959, por lo que le podrían aplicar las disposiciones procesales de la Ley Núm. 2 y la norma establecida en Dávila. Sin embargo, del expediente se desprende que dicha causa de acción perdió la esencia sumaria de los procedimientos, ya que desde los comienzos del caso, tanto las partes como el TPI han tramitado este litigio de acuerdo al procedimiento civil ordinario.
Aclarado lo anterior y siendo la determinación cuestionada una que afecta la forma en que habrán de encausarse los procedimientos, debemos ejercer nuestra facultad revisora en esta etapa del litigio.
III
Conocido es que desde Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494, 498 (1982), nuestro Tribunal Supremo estableció la norma de que ante el incumplimiento procesal de una parte litigante, el Tribunal de Primera Instancia deberá imponerle primero sanciones económicas a su representante legal e informarle debidamente a la misma de la situación con el trámite de su caso, así como apercibirle de las posibles consecuencias de su inacción. Véanse además, Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807, 814 (1986); López Rivera v. Rivera Díaz, 141 D.P.R. 194, 199 (1996).
Es preciso señalar que, cónsono a lo anterior, nuestra Asamblea Legislativa adoptó la Ley Núm. 493 de 29 de septiembre de 2004, la cual enmendó la Regla 39.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 39.2 (“Regla 39.2”). En lo pertinente, dicha regla dispone:

"(a) Si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra él o la eliminación de las alegaciones, según corresponda.

Cuando se trate de un primer incumplimiento la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado de la parte de la situación y se le haya concedido oportunidad para responder. Si el abogado de la parte no respondiese a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.” [3] (Énfasis suplido.)
La desestimación de un caso al amparo de la Regla 39.2 sólo procederá en situaciones extremas en las que *419 queden expuestas el desinterés y abandono total de la parte. Mun. de Arecibo v. Almac. Yakima, Op. de 6 de junio de 2001, 2001 J.T.S. 82, ala pág. 1305; Amaro González v. First Fed. Sav., 132 D.P.R. 1042, 1051-1052 (1993). Por tanto, cada caso hay que estudiarlo conforme a sus hechos particulares.
En su ejercicio discrecional al momento de imponer sanciones, el foro judicial tendrá la responsabilidad de hacer un balance delicado entre su obligación de velar porque los casos sean ventilados sin demora y el derecho de toda paite a tener su día en corte para que los mismos sean considerados en sus méritos. Mun. de Arecibo, 2001 J.T.S. 82, a la pág. 1305. Por consiguiente, el referido balance de intereses tendrá que tomar en cuenta diferentes factores, tales como el conocimiento o no de la parte promovente con la inactividad, el interés público en la resolución expedita de los casos y el perjuicio que la inacción haya ocasionado. Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 674 (1989).
Así pues, nuestro más alto foro ha reiterado que:
“[Pjlanteada una situación que amerita sanciones, el tribunal debe, en primera instancia, imponer las mismas al abogado de las partes. Si dicha acción disciplinaria no surte efectos positivos, procederá la imposición severa de la desestimación de la demanda o eliminación de las alegaciones, únicamente después que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida.” (Citas omitidas.) (Énfasis en el original.) Mun. de Arecibo, 2001 J.T.S. 82, a la pág. 1305.
Esto es así, ya que, en la gran mayoría de los casos, las partes no están enteradas de los trámites de sus abogados y, al advenir al conocimiento de ello, pueden tomar las medidas correspondientes para que la situación sea corregida. Dávila, 117 D.P.R., a la pág. 814.
Por otro lado, un tribunal podrá dejar sin efecto una sentencia de acuerdo con la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 49.2 ([‘Regla 49.2”). Dicha regla dispone lo siguiente:

“Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(1) Error, inadvertencia, sorpresa, o negligencia excusable;

(2) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(3) fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

(4) nulidad de la sentencia;

(5) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, o

(6) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. ”

La Regla 49.2 incorpora una facultad importante que tienen los tribunales para dejar sin efecto alguna sentencia u orden suya, por causa justificada. Piazza Vélez v. Isla del Río, Inc., Op. de 31 de enero de 2003, 2003 J.T.S. 10, a la pág. 446. Este remedio de reapertura se origina en la propia razón de ser de los foros *420 judiciales: hacer justicia. Piazza Vélez, 2003 J.T.S. 10, a la pág. 446. Aunque el remedio de reapertura existe en bien de la justicia, no constituye una facultad judicial absoluta, porque a este mecanismo procesal se contrapone la finalidad fundamental de que haya certeza y estabilidad en los procedimientos judiciales y que se eviten demoras innecesarias en el trámite judicial. Piazza Vélez, 2003 J.T.S. 10, a la pág. 446. Sin embargo, le toca a los tribunales establecer un balance adecuado entre ambos intereses. Piazza Vélez, 2003 J.T.S. 10, a la pág. 446; Fine Art Wallpaper v. Wolff, 102 D.P.R. 451, 457-458 (1974).
El mecanismo que provee la Regla 49.2 para solicitar el relevo de una sentencia requiere que la parte promovente cumpla con una de las causales allí enumeradas y que se presente la solicitud en un término razonable que no excederá los seis meses luego de haber sido registrada la sentencia. Conviene señalar que la parte que solicita el remedio no sólo debe alegar los fundamentos esbozados en la Regla 49.2, sino los hechos específicos que justifican la moción. Esto se debe a que la regla apela a la discreción del tribunal, por lo que es necesario suministrar a éste las razones que le permitan evaluar la solicitud y ejercer su discreción adecuadamente. Díaz v. Tribunal Superior, 93 D.P.R. 79, 89 (1966).
En cuanto a la intervención de los tribunales apelativos con aquellas resoluciones que dejan sin efecto una sentencia, nuestro Tribunal Supremo ha hecho énfasis en que tales actuaciones son parte del ejercicio discrecional de los tribunales de instancia. Southern Construction v. Tribunal, 87 D.P.R. 903, 906 (1963). Así pues, nuestro más alto foro resolvió que en apelación no se intervendrá con la determinación que, a ese respecto, hiciere el tribunal sentenciador a menos que se demuestre que al proceder en la forma en que lo hizo dicho tribunal se excedió en su discreción. Southern Construction, 87 D.P.R., a la pág. 906.
Por último, el Tribunal Supremo ha resuelto que la Regla 49.2 debe ser interpretada en forma liberal y que cualquier duda debe resolverse a favor del que solicite que se deje sin efecto una sentencia, a fin de que el pleito pueda verse en sus méritos. Pardo v. Sucn. Stella, 145 D.P.R. 816, 826 (1998); José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Tomo II, Cap. VIII, Publicaciones JTS, 2000, a la pág. 784.
IV
En el caso de autos, Pueblo le imputó al TPI el haber errado al dejar sin efecto la Sentencia del 13 de octubre de 2004. Alega que los recurridos no cumplieron con los requisitos establecidos en la Regla 49.2, por lo que no podían ser relevados de dicha Sentencia.
Luego de examinar la totalidad del expediente a la luz de los fundamentos previamente expuestos, concluimos que no abusó de su discreción el TPI al dejar sin efecto la Sentencia del 13 de octubre de 2004. En el presente recurso, los recurridos basaron su solicitud de relevo de sentencia en el inciso sexto de la Regla 49.2. Dicho inciso, como señalamos anteriormente, se ampara en que bajo las circunstancias específicas del caso existe razón que justifica la concesión de un remedio contra los efectos de una sentencia. A los fines pertinentes reproducimos las razones esbozadas por los recurridos ante el TPI para dejar sin efecto la sentencia dictada:

“1. Irregularidades en la entrega de la correspondencia del Ledo. Bello Rivera;

2. Descuido del Ledo. Bello Rivera en informar su cambio de dirección al TPI y a Pueblo;

3. Falta de conocimiento del Ledo. Bello Rivera sobre los trámites de desestimación;

4. El suspenso del descubrimiento de prueba provocado por trámites interlocutorios presentados por Pueblo ante el Tribunal de Apelaciones y el Tribunal Supremo.

5. La falta de notificaciones y sanciones a la parte recurrida por parte del TPI, previo a la desestimación del recurso. ”

*421 Como expresáramos, si bien los tribunales de primera instancia tienen discreción para desestimar cualquier causa de acción por incumplimiento de alguna norma procesal, el Tribunal Supremo y nuestra Asamblea Legislativa han subrayado que la desestimación de una causa debe ocurrir únicamente en casos extremos, en los que otras sanciones hayan resultado ser ineficaces y haya quedado inequivocamente demostrada la desatención y el abandono total de la parte con interés. Más aún, ambos foros han determinado que el tribunal debe, en primer término, imponer sanciones al abogado de la parte, y que sólo después de haberse apercibido a la parte de la situación es que procederá la severa sanción de la desestimación. Véase, Regla 39.2; Mun. de Arecibo, 2001 J.T.S. 82, a la pág. 1305; Maldonado, 113 D.P.R. a la pág. 498.
En el caso de epígrafe, de lo expresado por el TPI en su Sentencia de 13 de octubre de 2004, del escrito de certiorari presentado por Pueblo y de los demás documentos que obran en autos, surge claramente que los recurridos no estaban enterados de la solicitud de Pueblo para desestimar la acción por inactividad. Tampoco surge que el foro de instancia hubiese apercibido a la parte de dicha situación. Siendo inaceptable que se desestimen casos por situaciones fuera del control de las partes, sin que se les permita actuar sobre las violaciones que afectan su causa de acción, no abusó de su discreción el TPI al relevar a los recurridos de la Sentencia dictada el 13 de octubre de 2004.
V
Por los fundamentos previamente expuestos, se expide el auto solicitado, con el único fin de modificar la Resolución recurrida, para disponer que: 1) la sanción de $500 impuesta a favor de Pueblo mediante Resolución de 2 de mayo de 2005 sea satisfecha por el abogado de la parte recurrida, Ledo. Edwin L. Bello Rivera, en su carácter personal, en el término improrrogable de veinte (20) días; y 2) se cumpla con todo el descubrimiento de prueba en un término perentorio de veinte (20) días. Así modificada, se confirma la Resolución recurrida y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Caguas, para la continuación de los procedimientos consistentes con lo aquí resuelto.
Lo acuerda y manda este Tribunal y lo certifica la Secretaria General. El Juez Aponte Jiménez concurre con el resultado sin voto escrito.
Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones