*940 TEXTO COMPLETO DE LA SENTENCIA
La parte apelante, San José C. 106 Apartments Corp., nos solicita que revoquemos la sentencia emitida el 9 de octubre de 2008 por el Tribunal de Primera Instancia, Sala de San Juan (TPI). Mediante la misma, en atención a la Solicitud de Sentencia Sumaria presentada por la apelada, dicho foro declaró con lugar la demanda de cobro de dinero y ejecución de hipoteca presentada por dicha parte, Beneficial Mortgage Corporation.
Por los fundamentos que expondremos, se revoca la sentencia apelada.
I
El 6 de diciembre de 2006, Beneficial Mortgage Corporation (Beneficial), presentó una demanda en cobro de dinero y ejecución de hipoteca contra San José 106 C. Apartments Corp. (San José Apartments). Le reclamó el pago de una deuda evidenciada mediante un documento de pagaré por la suma principal de $3,200,000 con fecha de vencimiento de 1 de abril de 2006. La referida deuda fue garantizada mediante hipoteca —según consta de la escritura número 81, de 31 de marzo de 2005 ante el notario Manuel Rivera Meléndez— sobre un edificio ubicado en la Calle San José #106 en el Viejo San Juan.
Luego de varios trámites procesales, San José Apartments presentó contestación a la demanda y reconvención. Adujo, que el propósito del dinero producto del préstamo fue la compra y remodelación del edificio hipotecado. Por ello, que el principal se desembolsaría en plazos dependiendo de las etapas de desarrollo del proyecto, según las certificaciones que firmara el inspector designado o contratado por *941 Beneficial. Alegó, que durante la ausencia del Ing. Gabriel Díaz, principal accionista y director de dicha corporación, quien sufrió un infarto y derrame cerebral que lo mantuvo incapacitado por espacio de ocho meses, un empleado de éste y empleados de Beneficial, obrando en común acuerdo, se apropiaron del dinero del préstamo. Argüyó, que mediante certificaciones falsas del inspector de la obra, ello con el conocimiento de Beneficial, se efectuaron desembolsos con cargo al préstamo a sabiendas de que el proyecto estaba paralizado. Alegó, que una vez el Ing. Gabriel Díaz retomó el control de la corporación y advino en conocimiento de lo ocurrido, éste negoció y obtuvo un acuerdo con Beneficial —luego que ésta reconociera lo que había estado ocurriendo- para extender el préstamo por $1,000,000 adicionales, y así poder completar el proyecto. Alegó, además, que luego de San José Apartments haber cumplido con todas las condiciones acordadas con Beneficial, ésta canceló unilateralmente la extensión del préstamo. Ello, ante la aparente intención de ésta de ejecutar el préstamo objeto de la demanda para apropiarse del inmueble que le sirve de colateral. A tenor con dichas alegaciones, San José Apartments reclamó una indemnización de $10,000,000 por los daños y perjuicios económicos alegadamente sufridos como consecuencia de las actuaciones torticeras de la parte apelada. El 14 de noviembre de 2007, Beneficial replicó a la reconvención.
Luego de ciertos trámites, en la vista celebrada el 6 de marzo de 2008 la cual había sido convocada para conferencia con antelación al juicio, las partes informaron al Tribunal sobre la posibilidad de llegar a una transacción. Ante ello, el TPI concedió 30 días a las partes para que informaran los resultados de las gestiones a esos efectos. Además, dispuso que de no poder llegar a una transacción, San José Apartments debía informar si el Ledo. Lima iba a renunciar como representante legal de ésta; [1] y, de haber algún cambio, tenía que informar la nueva representación legal por escrito. Le ordenó, a su vez, acreditar el término de descubrimiento de prueba necesario para disponer del caso, el cual no debía exceder del 30 de mayo de 2008. Asimismo, el TPI le ordenó a San José Apartments contestar, en un período máximo de 30 días, el interrogatorio notificado por Beneficial. Finalmente, señaló conferencia con antelación al juicio para el 27 de junio de 2008.
Así las cosas, el 17 de abril de 2008, Beneficial presentó una solicitud de orden, en la cual alegó que San José Apartments se encontraba en desacato con las órdenes del tribunal y solicitó que se le eliminaran las alegaciones de la reconvención y contestación a la demanda. En atención a ello, mediante orden emitida el 23 de abril de 2008, el TPI le impuso una sanción económica de $100 al entonces representante legal de San José Apartments, Ledo. Lima, por incumplimiento con la orden de 6 de marzo de 2008. Dispuso además, que de cumplirse con dicha orden en 30 días dejaría sin efecto las sanciones, mientras que si no se cumplía en dicho término se le eliminarían las alegaciones.
El 6 de junio de 2008, San José Apartments presentó moción en cumplimiento de orden en la que, además de informar que su nueva representación legal sería la Leda. Rebecca Rodríguez Cruz, informó que el incumplimiento con varias órdenes del Tribunal se debió al fallecimiento el 12 de abril de 2008 del accionista mayoritario de la corporación apelante, Ing. Gabriel Díaz. Adujo, que dicha situación provocó incertidumbre y falta de comunicación con Beneficial. Indicó, a su vez, que su intención era resolver el caso por medio de una transacción, para lo cual solicitó un término de 60 días. Añadió, que de no lograr transigir el caso procedería a contestar los interrogatorios cursados por Beneficial. Además, San José Apartments solicitó al Tribunal que diera por cumplida su Orden; que dejara sin efecto las sanciones impuestas; que aceptara la renuncia del Ledo. Lima y admitiera a la Leda. Rodríguez Cruz como la nueva representación legal de ésta y que cambiara la naturaleza del señalamiento de 27 de junio de 2008 a uno sobre el Estado del Caso. [2]
A la conferencia con antelación al juicio señalada para el 27 de junio de 2008, compareció la Leda. María S. Jiménez Meléndez en representación de Beneficial. La nueva representación legal de San José Apartments no compareció. Según surge de la minuta, [3] el Tribunal entendió “que pudo haber inducido a error a la parte demandada dando la impresión de que estaba suspendiendo esta conferencia y reseñándola [sic] para el 26 de septiembre de 2008.” (Énfasis suplido) No obstante, dado el alto interés que el Tribunal expresó tener en resolver el caso, ordenó a Beneficial que presentara una moción de sentencia sumaria en el término de 30 días. *942 Indicó que, posterior a ello, le concedería un término a San José Apartments para expresarse y hacer una de dos cosas: (a) disponer por la vía sumaria el caso; o (b) dejar estipulados todos los hechos que puedan estipularse. Asimismo, le ordenó contestar todo el descubrimiento de prueba pendiente en el término de 10 días y finalmente le apercibió de la imposición de las más severas sanciones por el incumplimiento con dicha orden. Esta minuta le fue notificada a la Leda. María S. Jiménez Meléndez, representante legal de Beneficial, y a la Leda. Rebecca Rodríguez Cruz, nueva representante legal de San José Apartments, el 3 de julio de 2008. [4]
En esa misma fecha -3 de julio de 2008-, Beneficial presentó la solicitud de sentencia sumaria ordenada por el TPI y, además, anunció la renuncia de su representación legal, la Leda. María S. Jiménez Meléndez. En atención a lo anterior, el 11 de julio de 2008, [5] el TPI emitió orden en la que, además de aceptar la renuncia de la Leda. Jiménez, indicó lo siguiente: “Exprésese la parte demandada en treinta (30) días o entenderemos que se allana a lo solicitado.” [6]
Por su parte, el 21 de agosto de 2008, la Leda. Rebecca Rodríguez Cruz presentó moción de renuncia a la representación legal de San José Apartments. En atención a la misma, el 25 de agosto de 2008, el TPI emitió la siguiente orden:
“Se permite la renuncia de representación legal. En o antes del 25 de septiembre de 2008, la parte demandada deberá anunciar su nueva representación legal y expresarse con respecto a la moción de sentencia sumaria. Se alerta de Conferencia con Antelación al Juicio señalada para el 3 de octubre a las 9:00 a.m. Notifíquese ésta al Ledo. Gregorio Lima y a la parte demandante a la dirección que surge del párrafo 2 de la Demanda.” [7]
Según surge de la anterior orden, la misma fue notificada al Ledo. Gregorio Lima, quien a esa fecha ya no era representante legal de San José Apartments, sino oficial de ésta, según indicó la Leda. Rodríguez Cruz al renunciar a la representación legal de dicha corporación. Además, dicha orden fue notificada a Beneficia!, también directamente, pues al ser emitida la misma, dicha corporación no había anunciado nueva representación legal. En esa misma fecha, la Leda. María S. Jiménez Meléndez presentó moción en la que anunció que estaba asumiendo nuevamente la representación legal de Beneficial. El TPI autorizó dicha representación mediante orden emitida el 5 de septiembre de 2008.
Llegado el día de la vista de Conferencia con Antelación al Juicio, 3 de octubre de 2008, compareció la Leda. Jiménez en representación de Beneficial. San José Apartments no compareció ni había anunciado nueva representación legal ni se había expresado en cuanto a la solicitud de sentencia sumaria presentada por Beneficial, según ordenado el 25 de agosto de 2008. Por dicho incumplimiento, el TPI procedió a eliminar sus alegaciones. A su vez, le concedió a Beneficial un término de 30 días para someter todos los documentos necesarios para poder disponer de la reclamación de cobro de dinero y ejecución de hipoteca a tenor con las Reglas 36 ó 45 de Procedimiento Civil. Finalmente, ordenó que se notificara copia de la minuta al Ledo. Lima, y a San José Apartments por conducto de su agente residente, el Sr. Héctor Luis Roque Guzmán. Surge de autos que la minuta fue notificada a las partes el 8 de octubre de 2008.
Así las cosas, el 9 de octubre de 2008, el TPI emitió la sentencia apelada en la que declaró con lugar la demanda y, por consiguiente, condenó a San José Apartments a pagar a Beneficial la cantidad de $3,000,536.28 de principal, más $117,380.29 de intereses sobre dicha cantidad devengados hasta el 5 de diciembre de 2006 al tipo pactado de 7.95% anual, más los intereses que se devenguen de ahí en adelante hasta el pago completo de la deuda; $155,895.84 de cargos por mora hasta el 5 de diciembre de 2006 y los que se devenguen hasta el saldo de la deuda; y la cantidad estipulada de $320,000 para costas, gastos y honorarios de abogado.
Inconforme con dicha determinación, San José Apartments acude ante nos y plantea que:
*943 “Erró el Honorable Tribunal de Primera Instancia cuando en la vista de status conference el 3 de octubre de 2008 eliminó las alegaciones de la parte demandada.
Erró el Honorable Tribunal de Primera Instancia al declarar con lugar la solicitud de sentencia sumaria, declarando con lugar la demanda en cobro de dinero y ejecución de hipoteca.”
Beneficial presentó alegato en oposición a la apelación.
Posteriormente, a solicitud de Beneficial y RG, se autorizó la sustitución de parte en cuanto a la acción de ejecución de hipoteca y cobro de dinero.
n
La desestimación de una demanda como sanción por la inobservancia de las Reglas de Procedimiento Civil o de las órdenes del tribunal o por no haberse efectuado trámite alguno durante los últimos seis meses está reglamentada por la Regla 39.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 39.2. La mencionada Regla dispone, en lo aquí pertinente:
“(a) Si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.
Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado de la parte de la situación y se le haya concedido oportunidad para responder. Si el abogado de la parte no respondiese a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.
(b) [...].”
De la anterior disposición legal surge evidente el poder de un tribunal para desestimar como sanción la causa de acción de un demandante ante el reiterado incumplimiento por parte de éste con las órdenes y directrices del tribunal. Sin embargo, tal poder discrecional debe ser ejercitado en una forma sumamente juiciosa y mesurada, esto es, únicamente en casos extremos. Ello es así por cuanto la desestimación de una causa de acción priva a un ciudadano de la función judicial de adjudicación, la cual forma parte de nuestra estructura constitucional; al privarlo de su "día en corte", se le niega la oportunidad de hacer valer en los méritos la legitimidad de su derecho a reclamar justicia para él y los suyos. Fernández v. Fernández, 120 D.P.R. 422, 425-26 (1988).
Se ha resuelto reiteradamente que la desestimación de un pleito sin ir a sus méritos como medio de sanción debe ser el último recurso a utilizarse después que otras sanciones hayan probado ser ineficaces. Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817 (1980); Ramírez de Arellano v. Secretario de Hacienda, 85 D.P.R. 823, 829-30 (1962). Solamente debe hacerse en casos tan extremos que no haya duda de la irresponsabilidad o contumacia de la parte contra quien se toman las medidas drásticas. Acevedo v. Compañía Telefónica de P.R., 102 D.P.R. 787, 791 (1974). Además, la desestimación de un pleito bajo la Regla 39.2 debe prevalecer únicamente al quedar expuesto el desinterés y abandono total de la parte de su caso. Arce v. Club Gallístico de San Juan, 105 D.P.R. 305, 307 (1976).
*944 En aquellos casos en los cuales el tribunal considere que procede la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce consecuencias positivas, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. Mun. de Arecibo v. Almac. Yakima, 154 D.P.R. 217, 222-223 (2001); López Rivera v. Rivera Díaz, 141 D.P.R. 194, 199 (1996); Amaro González v. First Federal Savings Bank, 132 D.P.R. 1042, 1051 (1993); Maldonado v. Srio. de Recursos Naturales, 113 D.P.R. 494, 498 (1982). El apercibimiento previo por el tribunal constituye un requisito ineludible a falta del cual no procede la desestimación de la causa de acción. Ortiz v. U. Carbide Grafito, Inc., 148 D.P.R. 860 (1999); Ramírez de Arellano v. Secretario de Hacienda, supra.
En síntesis, la desestimación de la demanda debe ser el último recurso a utilizarse después de agotarse el uso de sanciones menos severas; cuando es patente el desinterés y el abandonó del caso por una parte y sólo después que el tribunal notifique personalmente al demandante que la demanda será desestimada si no se acatan sus órdenes. Amaro González v First Federal Savings Bank, supra, Arce v. Club Gallístico de San Juan, supra, Maldonado v. Srio. de Recursos Naturales, supra.
El tribunal siempre debe procurar un balance entre el interés en promover la tramitación rápida de los casos y la firme política judicial de que los casos sean resueltos en sus méritos. Regla 1 de Procedimiento Civil, 32 L. P.R.A. Ap. Ill, R. 1; Datiz v. Hosp. Episcopal San Lucas, 163 D.P.R. 10 (2004); Ghiggliotti v. A.S.A., 149 D.P.R. 902 (1999); Valentín v. Mun. de Añasco, 145 D.P.R. 887 (1998); Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494 (1983). Al así hacerlo, debe inclinar la balanza a favor del derecho de todo litigante a que sus alegaciones se ventilen en sus méritos, puesto que la razón de ser, no sólo del ordenamiento procesal, sino de todo nuestro esquema adjudicativo, es salvaguardar el derecho de toda parte a tener su día en corte con todas las garantías del debido proceso de ley. Maldonado v. Srio. de Rec. Naturales, supra, Arce v. Club Gallístico de San Juan, 105 D.P.R. 305 (1976); Ortiz Rivera v. Agostini, 92 D.P.R. 187 (1965).
ni
En el primer señalamiento de error, San José Apartments plantea que al eliminarle sus alegaciones (las defensas afirmativas y la reconvención de la parte demandada), el TPI utilizó la sanción más drástica de las permitidas por las Reglas de Procedimiento Civil, dejándola en estado de indefensión. Arguye que el TPI debió agotar otras sanciones menos severas previo a eliminarle sus alegaciones, a tenor con la doctrina jurisprudencial vigente. Le asiste la razón. Veamos.
Cabe señalar de entrada que el examen de los autos refleja cierta dilación en los trámites del caso ante el TPI, que puede atribuirse a San José Apartments. Sin embargo, no es menos cierto que previo al 25 de agosto de 2008 ocurrieron unos eventos fuera del control de ésta que inevitablemente contribuyeron a dicha dilación. Entre éstos, la enfermedad y posterior fallecimiento del Ing. Díaz, principal accionista y director de San José Apartments; la renuncia del Ledo. Lima a la representación legal de dicha corporación, al surgir la posibilidad de que éste tenga que declarar como testigo por haber fungido como director durante la enfermedad del Ing. Díaz; y la renuncia de la Leda. Rodríguez Cruz, el 21 de agosto de 2008, quien había asumido la representación legal de San José Apartments a partir del 6 de junio de 2008.
Es evidente que así también lo entendió el TPI, pues no le impuso sanciones económicas a la Leda. Rodríguez Cruz cuando le aceptó la renuncia de representación legal, el 25 de agosto de 2008; ni emitió orden de apercibimiento contra San José Apartments a pesar de que desde el 3 de julio, cuando Beneficial presentó la solicitud de sentencia sumaria, le había concedido 30 días a San José Apartments para que expresara su posición en cuanto a la misma y ésta aún no se había expresado. Por tanto, a pesar de la mencionada dilación, no puede concluirse que estamos ante un caso tan extremo en que no haya duda de la irresponsabilidad o contumacia de la parte contra la que se desestima el pleito, ni que haya quedado expuesto el desinterés y *945 abandono total de dicha parte de su caso.
Acorde con lo antes señalado, procede que examinemos lo acontecido desde el 25 de agosto de 2008 en adelante para determinar si la decisión del TPI de eliminarle las alegaciones a San José Apartments estuvo justificada. En esa fecha, dicho foro emitió la orden anteriormente transcrita, la cual dispone solamente sobre cuatro asuntos, a saber: (1) permitió la renuncia de representación legal de la Leda. Rodríguez Cruz; (2) concedió a San José Apartments hasta el 25 de septiembre de 2008 para anunciar nueva representación legal y para expresarse con respecto a la solicitud de sentencia sumaria; (3) alertó de que la Conferencia con Antelación al Juicio estaba señalada para el 3 de octubre de 2008; y (4) ordenó que dicha orden fuese notificada al Ledo. Gregorio Lima, y a la parte demandante (Beneficial) a la dirección que surge del párrafo 2 de la demanda. [8]
Así las cosas, el 3 de octubre de 2008, San José Apartments no compareció a la Conferencia con Antelación al Juicio. A esa fecha, ésta no había anunciado nueva representación legal ni se había expresado en cuanto a la solicitud de sentencia sumaria, según le fuera ordenado el 25 de agosto de 2008. Ello provocó que el TPI le impusiera la más severa de las sanciones de eliminarle las alegaciones.
No obstante, es evidente que aún cuando San José Apartments hubiese incumplido las órdenes para que se expresara en cuanto a la solicitud de sentencia sumaria, el TPI no se ajustó a lo dispuesto por nuestro ordenamiento jurídico en lo que se refiere a la imposición gradual de medidas punitivas a las partes previo a decretar la desestimación de una reclamación. Adviértase que en la orden de 25 de agosto de 2008 no se apercibió directamente a la propia parte sobre las consecuencias del incumplimiento con dicha orden. Además, una vez a la Leda. Rodríguez Cruz le fue aceptada su renuncia sobre representación legal de San José Apartments, dicha corporación carecía de representación legal; y, aunque las órdenes de 25 de agosto y de 3 de octubre de 2008 le fueron notificadas al Ledo. Gregorio Lima, éste ya no ostentaba la representación legal de San José Apartments. Asimismo, la única orden notificada directamente a la dirección física de la corporación demandada, San José C. 106 Apartments Corp., y a la dirección postal y física de su agente residente, Sr. Héctor Luis Luque Guzmán, fue la minuta de la vista celebrada el 3 de octubre de 2008.
Este Tribunal tiene la obligación de reafirmar el principio de que la desestimación de un caso es una sanción drástica que solamente deberá ser aplicada en casos extremos en donde no exista duda alguna de la irresponsabilidad e inacción de la parte y se demuestre un claro desinterés y abandono total del caso por ésta, y sólo luego de que se agoten todas las otras alternativas posibles para lograr que la parte cumpla con sus órdenes. Conforme a la normativa vigente, es obligación del foro de instancia imponer como primera sanción previa a la aplicación de la Regla 39.2 de Procedimiento Civil, supra, una sanción económica a la representación legal de la parte demandante y apercibir a esta última directamente sobre la situación particular de su causa de acción.
De otra parte, si bien es cierto que la Regla 39.2 de Procedimiento Civil, supra, tiene el propósito de aligerar los procedimientos y descongestionar el cargado calendario de los tribunales de primera instancia, no es menos cierto que todo litigante es beneficiario de la política judicial de que los casos se ventilen en sus méritos. Consiguientemente, el TPI no debió decretar la eliminación de las alegaciones de San José Apartments sin previamente haber impuesto otras sanciones menos drásticas para promover el movimiento del litigio.
También, es norma establecida que este Tribunal no deberá intervenir con el ejercicio de discreción de los Tribunales de Primera Instancia, salvo que se le demuestre que hubo craso abuso de discreción, que el tribunal actuó con prejuicio o parcialidad, que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitará un perjuicio sustancial. S.L.G. Rodríguez v. Nationwide, 156 D.P.R. 614 (2002); Zorniak Air Services v. Cessna Aircraft Co., 132 D.P.R. 170 (1992).
Finalmente, concluimos que bajo las circunstancias específicas antes reseñadas, el TPI se excedió en su discreción al tomar la decisión de imponer la sanción drástica de eliminar las alegaciones de San José *946 Apartments sin agotar otras medidas cautelares. Resolvemos que se cometió el primer error señalado.
De conformidad con lo antes resuelto, resulta improcedente discutir el segundo error señalado.
IV
Por los fundamentos antes expuestos, se revoca la sentencia apelada y se remite el caso al TPI para la continuación de procedimientos acorde con lo aquí resuelto.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2010 DTA 38

. La posible renuncia del Ledo. Lima le fue planteada al TPI en la Conferencia Inicial celebrada el 25 de octubre de 2007, ante la posibilidad de que éste tuviera que ser utilizado como testigo. Ello, por haber fungido como presidente de San José Apartments durante varios meses durante la enfermedad de su amigo -el Ing. Gabriel Díaz- quien había sufrido un derrame cerebral.

. No se acompañó al recurso la determinación del TPI sobre esta moción de la parte demandada. Sin embargo, por la secuencia de eventos que siguieron, se puede asumir que fue declarada ha lugar.

. Véase, a las págs. 13-14 del apéndice del recurso.

. Leda. María S. Jiménez Meléndez y Leda. Rebecca Rodríguez Cruz, respectivamente.

. Notificada el 17 de julio de 2008.

. Véase, página 30 del apéndice del recurso.

. Véase, página 23 del apéndice del recurso.

. Al emitirse dicha orden ninguna de las partes contaba con representación legal.